# Ezra B. McCagg *et al.*

## *v.*

# William O. Heacock *et al.*

1. LIMITATION LAW OF 1839 — *of its character as a limitation law, as distinguishable from a law transferring title.* The second section of the act of 1839 provides, that, when one has acquired color of title in good faith to vacant and unoccupied lands, and has paid the taxes thereon for seven successive years from the time this color of title was acquired, and afterward gets into possession of the land under such title, no title whatever can prevail against him. The statute can be used as a shield to protect him in his possession.

2. Should the holder of the paramount title, however, get into possession before the party who has color, and who has paid the taxes for seven successive years, such possession is protected.

3. The act is a limitation law only, and not a law by which the property of one man can be transferred to another. It does not confer title on the party who may be in a position to invoke its protection, but clothes him merely with defensive armor, which becomes invulnerable, if possession be taken.

4. FORMER DECISIONS. The opinion of the court delivered in this case on a former hearing, at the April Term, 1864, and as reported in 34 Ill. 477, in which it is declared to be the legal conclusion, under the statute, that the possessor who has conformed to its conditions, *is the true owner*, is modified so far as it conflicts with the rule above laid down.

5. And that part of the opinion in the case of *Newland* v. *Marsh*, 19 Ill. 385, which declares that the party may avail himself of the bar whether he is sued while in or out of possession, is *dictum*, merely, so far as it expresses any rule as to his right to interpose the statute if out of possession, as that was not a question before the court. The rule is understood to be, that the statute can be used as a shield to protect a party in possession.

6. CONSIDERATION *for a conveyance of land — what is sufficient.* A release by a mortgagee to a mortgagor of a part of the premises embraced in the mortgage, from its operation, is of itself a valuable consideration for the conveyance in fee of the residue, by the mortgagor to the mortgagee.

7. COLOR OF TITLE — *what constitutes.* A deed absolute on its face, and purporting to convey the title to the land described in it, executed by a mortgagor to the mortgagee, for the mortgaged premises, for a sufficient consideration, is color of title.

8. SAME — *of the good faith — notice of other claims.* Bad faith, as contradistinguished from good faith, in the limitation act, is not established by showing actual notice of existing claims or liens of other persons to the property, or by showing a knowledge, on the part of the holder of the color of title, of legal

154          McCagg *et al. v.* Heacock *et al.*          [April T.,

Statement of the case.     Opinion of the Court.

defects which prevent the color of title from being an absolute one. When there is no actual fraud, and no proof showing that the color of title was acquired in bad faith, which means in or by fraud, it is acquired in good faith.

9.   CHANCERY — *of the pleadings, to justify affirmative relief to the defendant.* A defendant in chancery can have affirmative relief only upon the showing in his own cross-bill.

WRIT OF ERROR to the Superior Court of Chicago.

This cause was originally argued at the April Term, 1864, of this court, when the decree of the court below was reversed, and a decree entered in this court, dismissing the original bill and granting the prayer of the cross-bill. The case is reported in 34 Ill. 476, where the facts will be found in the opinion of the court.

Subsequently a rehearing was granted, at the instance of the defendants in error, which was had at the April Term, 1866.

The grounds upon which the rehearing was allowed are set forth in the opinion of the court, which, in connection with the former report of the case, will be sufficient for a proper understanding of the questions as now determined.

Mr. W. C. GOUDY, for the plaintiffs in error.

Messrs. GARRISON & BLANCHARD, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

We do not propose to go over again the grounds traversed when this case was before us at a former term of this court. The facts are fully stated in the opinion then delivered (34 Ill. 476), and our views of the law have undergone no material change since. In one respect, perhaps, there should be a slight modification of that opinion, in this: Near the close of the opinion it is said, "in this country the taxes upon land are usually paid by the true owner, and after payment of the same for seven successive years under claim and color of title made in good faith, and after actual possession taken under such color of title, the presumption of ownership is so strong that the legis-

lature, for the promotion of quiet and the peace of community, in its wisdom declared it to be a legal conclusion from such circumstances, that the possessor *was* the true owner to the extent and according to the purport of his paper title." P. 481.

The doctrine of the case of *Newland* v. *Marsh*, 19 Ill. 376, and so recognized in subsequent cases, is, that these facts constitute a bar to the action for the recovery of the possession, under the second section of the act of 1839, and that the act itself is a limitation law only, and not a law by which the property of one man can be transferred to another. But the result is the same, for if these things do not make a title, they prevent the assertion of any right by him who has the title — they bar him from a recovery. This case was decided at the same time with *Johnson* v. *Bostock* and *Gittings* v. *Stearns*, and holds, as the counsel for plaintiffs in error says, that this bar may be interposed whether the party claiming this color of title is in or out of possession, but the facts of the case show that the party setting up the bar was in possession, and was thereby in a position to interpose the statute. Whether he could interpose it if out of possession, was not a question before the court, and so much of the opinion therefore on that point is *dictum*, merely.

We have understood the rule to be, that the statute could be used as a shield to protect a party in possession ; that when one had acquired color of title in good faith to vacant and unoccupied lands, and had paid the taxes thereon for seven successive years from the time this color of title was acquired, and had afterward got into possession of the land under such title, no title whatever could prevail against him, and this is the wide spread understanding of community. Should the holder of the paramount title get into possession before the party who has color, and who has paid the taxes for seven successive years, such possession is protected. Such is understood to be the effect and operation of the second section, as was said by this court in *Paullin* v. *Hale*, decided at April Term, 1866. (40 Ill. 274.) It was there declared as the settled law of this court, that, until the owner of the color of title has united

actual possession to the color and to the payment of taxes, he is not in a position to invoke the aid of the second section, for the reason, that such enactment cannot become constitutionally operative, until the person invoking its aid, has acquired actual possession. Then for the first time, it properly becomes a limitation law. The law does not confer title on such a party, but clothes him merely with defensive armor, which becomes invulnerable if possession be taken. With this modification, we adhere to the views expressed in the first opinion.

Upon the other branch of the case, as to the effect of the deed from Russell E. Heacock to Van Antwerp, of July 1, 1840, we are of opinion, that, independent of any agreement between those parties ensuing the foreclosure of the mortgage, the release to Heacock, the mortgagor, of these lots from its operation, was, of itself, a valuable consideration for that deed, and, having been executed and accepted in good faith, was, unquestionably, in accordance with repeated rulings of this court, color of title. It was absolute on its face and purported to convey the title to the lots described in it. Independent of the presumption that it was obtained in good faith, we have the testimony of Mr. Scammon on the fact.

But the appellees contend, that there could be no good faith in obtaining this deed, as the grantee, Van Antwerp, had notice of this judgment lien under which they claim title.

It is a sufficient answer to this, to refer to the case of *Chickering et al.* v. *Failes et al.*, 26 Ill. 507, where it was held, in conformity with prior decisions of this court, that notice of the claim of other persons does not apply under the statute of limitations, as in case of subsequent purchasers and incumbrancers under the registry act. In that case there was an attempt at a strict foreclosure of a mortgage, and we said it was wholly immaterial whether the decree was sufficient or not to bar the equity of redemption, to render it color of title. The effort was made to bar it and the decree was entered for that purpose, and, in the absence of fraud, or proof showing that it was in bad faith, we held, it was color of title made in good faith. And we further held, that this effort to foreclose was such an

act as authorized the mortgagee to act under claim in himself, and not subordinate to the title of those claiming the equity of redemption. That proceeding manifested to them and the world, that he no longer recognized them as having any rights in the premises. That act was hostile to their rights, and his subsequent acts must be regarded in the same light.

So, in this case, taking the deed from R. E. Heacock was of as much force as the effort at a strict foreclosure, and authorized the grantee in that deed to act under the claim created by the deed, and not in subordination to the title of defendants in error claiming the equity of redemption. The acceptance of the deed by Van Antwerp was notice to them and to all others, that he no longer regarded them as having any rights in the premises. Taking the deed was an act hostile to their rights, most clearly so, when the first payment of taxes was made on the lots by the grantee in the deed. *Dickenson* v. *Breeden*, 30 Ill. 279. The doctrine is that bad faith, as contra-distinguished from good faith in the limitation act, is not established by showing actual notice of existing claims or liens of other persons to the property, or by showing a knowledge, on the part of the holder of the color of title, of legal defects which prevent the color of title from being an absolute one. Where there is no actual fraud, and no proof showing that the color of title was acquired in bad faith, which means, in or by fraud, this court will hold it was acquired in good faith.

So soon as Van Antwerp took this deed and commenced paying the taxes on the lots conveyed by it, he assumed a hostile attitude to all the world, and, by so doing, he declared a right which any one interested against him could assail. This opportunity continued during the seven years, until, at the expiration of that time, the bar became complete.

Defendants in error, by permitting the statute to run against these lots, acquiesced in the bar. They might have prevented it by taking possession before or after the seven years expired, or by paying the taxes due on any one of the seven years. If plaintiff in error is in possession of the lots, or any part of them, this statute throws around him an effectual protection,

to the extent of his claim and possession of the whole, or any number of the lots.

This brings us to the consideration of the reason why a rehearing was granted. The original bill filed by defendants in error alleged possession by plaintiff in error of these lots, and that he was enjoying the rents and profits. The defendant, in his cross-bill, did not allege possession, and, under the well known rule of chancery in such case, the defendant can have affirmative relief only upon the showing in his own cross-bill. This was the error we committed. We granted affirmative relief when the allegations of the cross-bill did not warrant it, and it is not supplied by the allegations in the original bill.

We are disposed to think, that the averment of possession by plaintiff in error was made for the purpose merely of claiming rents and profits, and the defendants in error ought not to be concluded by it.

The decree, therefore, will be reversed and the cause remanded, with leave to the defendants in error to amend their bill by striking out the averment of possession by plaintiff in error, and the plaintiff in error will have leave to amend his cross-bill by alleging possession of the whole or a part of the lots, as the fact may be.

The court, to which the cause is remanded, will of course inquire and find to what extent, if any, there has been or is possession and payment of taxes since the execution of the deed of July 1, 1840.

The decree is reversed and the cause remanded.

*Decree reversed.*