# ANDREW HULS

*v.*

# JAMES BUNTIN.

1. SECONDARY EVIDENCE—*in case of lost patent.* Where a party in ejectment relies upon a patent title, and alleges the loss of the patent, the book filed in the county clerk's office, giving the names of purchasers and the date of each entry of land in the county, not certified to by the register of the land office, is not admissible in evidence to prove the entry of the land.

2. EVIDENCE—*attacking judicial proceedings collaterally.* Where the court has jurisdiction of the subject matter and of the parties, and has adjudicated in the case, that determination cannot be attacked collaterally, however erroneous.

But, if the jurisdiction were wanting, the decree and proceedings under it would not bind any one, and may be attacked in any legal proceeding.

3. EVIDENCE IN EJECTMENT—*where parties claim from a common source of title.* Where the parties in ejectment both claim from a common source of title, it is not necessary for either to trace title beyond such common source.

4. REBUTTING EVIDENCE—*what constitutes.* Where a defendant in ejectment sets up the statute of limitations, the plaintiff may show, in rebuttal thereof, that the persons under whom he claims were minors, against whom the statute could not run. Such evidence on the part of the plaintiff is properly rebutting, and not evidence in chief.

5. MARRIED WOMEN—*administratrix—power to convey land.* An administratrix who is a married woman, may convey land in her fiduciary capacity, without her husband joining therein.

6. GRANTEE OF MINOR HEIRS—*statute of limitations.* Where persons, who have inherited title to land, were in their minority at the time their title accrued, and afterwards conveyed the land to a third person, such grantee, in asserting his

title in ejectment, as against a person defending under the statute of limitations, may show the disability of his grantors at any time within the statutory period, and thus prevent the bar.

7.   The statute of limitations does not begin to run until the disability is removed, and the statutory period must elapse after the disability ceases, before there can be a bar under the statute, and the rights of the grantee in this regard would be the same as to any one or more of the heirs, to the extent of the interest of such heir or heirs in the premises.

8.   SAME—*his rights in this regard—unlike avoidance of contracts.*   The rights of the grantee in such case, to set up the minority of his grantors, to avoid the bar of the statute, is unlike the plea of infancy, in which it is sought to avoid a contract—the right to avail of such a plea being personal to the party claiming such disability.

9.   COLOR OF TITLE—*what constitutes.*   Where a deed, purporting to convey title, was executed under a decree of a court having general jurisdiction, and by a person having power to execute the decree, such deed is color of title; and this, notwithstanding the decree may have been erroneous, or even void for want of jurisdiction.

WRIT OF ERROR to the Circuit Court of Crawford county; the Hon. AARON SHAW, Judge, presiding.

The opinion states the case.

Mr. E. CALLAHAN, for the plaintiff in error.

Mr. J. C. ALLEN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, for the recovery of the north-east quarter of Sec. 29, Township 6 north, Range 10 west, in Crawford county.   The cause was tried at the April term, 1867, by the court and a jury.   On the trial, plaintiff in error offered to read in evidence the book filed in the county clerk's office, giving the names of the purchasers and the date of each entry of lands in the county, for the purpose of proving that Samuel Shaw had entered the land and

become the purchaser thereof in eighty acre tracts in the years 1828 and 1829. He also proved that search had been made and the original patents could not be found. Defendant objected to the book as evidence, and his objection was sustained by the court. In this there was no error. If lost, plaintiff should have applied to the commissioner of the general land office, and obtained duplicate patents. They are held to be evidence not subject to our recording laws, and admissible as original testimony without laying a foundation for their introduction. Where the original is lost, a duplicate should be obtained from the authority which issued it. *Graves* v. *Bruen,* 1 Gilm. 167.

The book might probably have been admissible, had the register of the land office certified that it was a correct copy from the books of entry in the land office, that officer being authorized by the statute to make certificates that entries have been made, they being declared to be evidence of the fact. But in this case there was no such certificate, and it could not be supplied by parol testimony. The statute has not declared such books to be evidence, and under the rules of evidence they could not be received, because better evidence was within the reach of the party, and he was bound to avail himself of it or submit to the consequences of its non-production.

It, however, appears from the evidence, that both parties claim to derive title from the same source. Plaintiff in error claims from Shaw, through his heirs, while defendant claims from him through his administratrix, under a sale authorized by a decree of court. In such a case, it was unnecessary for plaintiff in error to trace title beyond the common source, and having shown that they both claimed to derive title from Shaw, there was no necessity for him to show how Shaw acquired or held title. The question was then presented, whether plaintiff in error had acquired and was the legal owner of Shaw's title. To establish that fact, he introduced deeds of conveyance from the heirs of Shaw to himself, for the land in

controversy. He also introduced orders of the circuit court, licensing the administratrix of Shaw's estate to sell the real estate in controversy, and which are claimed to be irregular and to have conferred no title upon the purchaser, for want of jurisdiction of the court over the heirs to render the decree licensing the sale.

From the portion of the record in that proceeding read in evidence, it seems to have been erroneous, but as it does not purport to be the entire record, we deem it unnecessary to discuss the question whether there was jurisdiction to sustain the decree and sale. If the court had jurisdiction of the subject matter, and of the persons of the parties, and did adjudicate in the case, that determination cannot be attacked collaterally, however erroneous. But if jurisdiction were wanting, the decree and proceedings under it would not bind any one, and they could be attacked in any legal proceeding.

Defendant in error introduced in evidence a deed from the administratrix to himself, for the land in controversy. It, however, appeared that she was sole and unmarried when she became an administratrix, but had married and was a *feme covert* when she executed the deed; and it is objected the deed is inoperative, because her husband did not join her in its execution. As to her real estate or dower, she is undoubtedly powerless to convey or release, unless joined by her husband, but when acting as a mere agent or instrument of the law, it is different. When the law authorizes a married woman to act as an administratrix, it necessarily clothes her with power to perform all acts necessary to a complete performance of all the duties of the position. An administratrix is not only authorized, but required, when necessary, to petition the court for leave to sell real estate to pay debts, and when leave is granted, the law imposes the duty of making the sale; and it is not so unreasonable as to require the performance of the duty, and still leave it in the power of a person wholly disconnected with the trust to frustrate the requirements of the

law. Such is not the law, and this deed was executed in pursuance to legal power.

Having been executed under a decree of a court having general jurisdiction, and being made by a person having power to execute the decree, the deed was color of title. And this is equally true, notwithstanding the decree may have been erroneous, or even void, for the want of jurisdiction. The deed, on its face, purported to convey title, and was executed by the person named in the decree, and under such a deed, the person claiming its benefits may invoke the aid of the act of 1839 to bar a recovery, although it might not be sufficient, as a link in a chain, to establish title. It appears that defendant in error had been in possession under this deed for more than twenty years, and had paid all taxes legally assessed upon the land for more than seven successive years. This, then, *prima facie* constituted a bar under the twenty years' limitation, or the act of 1839, requiring claim and color of title made in good faith, together with possession and payment of taxes for seven successive years, all concurring.

Plaintiff in error, to rebut this *prima facie* bar of the statute, offered to prove that the heirs of Shaw were minors at the time of his death, and that the disability did not cease, so that the statute could create a bar. The court rejected this evidence, and this is urged as error. It is insisted that this, if evidence at all, was primary and not rebutting testimony, and that it should have been offered in chief. We perceive no force in this position. A plaintiff in ejectment may rest when he has shown a *prima facie* right to recover. He is not required to anticipate the defense that will be interposed. In this case, plaintiff in error was not bound to know whether defendant in error would rely upon the statute of limitations; upon a paramount outstanding title; that the persons claiming to be heirs of Shaw, were not his heirs; that they had previously conveyed to other parties; that their deeds to plaintiff in error were forgeries, or any other of the

defenses that may exist to a recovery in ejectment. To require a plaintiff in ejectment to anticipate every defense that might be interposed, would be unreasonable—would create delay in the dispatch of business, and work great hardship. He is only required, by the rules of evidence, to show a right, unopposed, to recover, and then to permit the defendant to disclose his defense; after which, he is entitled to rebut any defense that may have been interposed.

It is again insisted, that plaintiff in error had no right to rely upon the disability of infancy of the heirs of Shaw, to prevent the bar of the statute; that the disability was personal to them, and was not transferred to plaintiff in error by the conveyance of the land to him. An infant, *feme covert*, or other person within the saving of the statute, may show the disability at any time within the statutory period, and thus prevent the bar. And the grantee must be held to occupy the same position. The person claiming the bar only acquires it as against persons who are bound to assert their rights within the limited period. He can only insist that the action or entry is tolled by the neglect of the owner, not under disability, to assert his rights within the statutory period. As against persons under disability, he has not acquired any right. And where he shows that he has performed the statutory requirement which confers the right, his apparent bar is overcome when it is shown that the person against whom it is asserted, is not embraced within, but is excepted from, the provisions of the statute.

The statute does not begin to run until the disability is removed, and hence no bar can be acquired against a person under disability. The statutory period must elapse after the disability ceases, before there can be a bar under the statute. And had plaintiff in error shown that seven years had not elapsed after the heirs had arrived at age, he would have destroyed the *prima facie* defence, and shown that no bar had ever existed. And the same is true if the evidence

had·shown that any part of the heirs were not of age seven years before the suit was instituted, to the extent of the interest of such heir in the premises, but not as to those who had attained their majority more than seven years before suit was brought.

The bar of the statute is wholly unlike infancy or coverture, and the like, where the person has, under disability, acted and seeks to avoid the act. In that case, the person who acted under disability, can alone plead it or avoid the act. Where a minor sells and conveys real estate, he alone can annul such conveyance, but if he, on arriving at age, sell and convey to another, this will avoid the sale, and the grantee may show that the prior sale had been annulled. In such a case, the second grantee does not claim to set up the disability for the minor, but simply to show that his grantor had exercised the right and that he had acquired rights in the property. In this case, the plaintiff, after showing that he was the grantee of the minors, had the right to show that defendant had not acquired the bar of the statute of limitations. And the court below erred in refusing to permit him to prove the fact, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*