ABIGAIL H. MASON *et al.*

*v.*

MARK AYERS *et al.*

1. LIMITATION LAW OF 1839—*color of title.* Where a mortgagee attempts to foreclose his mortgage and obtains a deed under a decree of foreclosure, the deed constitutes color of title, although the decree of foreclosure may be erroneous, or even void, provided there is no fraud connected with the attempted foreclosure.

2. SAME — *applicable as between prior and junior mortgages.* A purchaser under a decree foreclosing a senior mortgage, although a junior mortgagee is not made a party to the foreclosure proceedings, acquires by his deed color of title in good faith; and possession of the premises and payment of taxes thereon for seven successive years, under such deed, constitutes a bar to the foreclosure of the junior mortgage.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. JOHN B. CLARK, and Mr. GEORGE B. JOINER, for the plaintiff in error.

Mr. ROBERT DOYLE, and Messrs. BLADES & KAY, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that in September, 1854, one Mark Ayers executed a mortgage to one Timothy B. Mason, on certain real estate in Iroquois county, to secure the payment of several notes amounting to $10,447.97. Afterward, on the 9th day of February, 1855, Ayers executed to Mason another mortgage on other lands and a part of the lands in controversy in this suit, and Mason released a portion of the lands embraced in his first mortgage.

The lands in controversy, embraced in the second mortgage, had previously, on the 3d day of January of that year, been mortgaged by Ayers to Charles Sherman, to secure the payment of $1887.96, and Mason's mortgage was junior and subject to this mortgage to Sherman. On the 3d day of March, 1852, one George King was the owner of these lands, and executed a mortgage on them to one John Sheridan, to secure the payment of $3000, with interest.

In January, 1855, Sherman filed a bill against Ayers to foreclose his mortgage, subsequently obtained a decree, and the lands were sold by the master and purchased by Sherman, and never having been redeemed, his purchase was approved at the November term, 1859, of the court, and he obtained a deed. In this foreclosure he failed to make Mason a party. After obtaining his deed from the master he went into possession of the land, and occupied the same. In August, 1863, Sherman paid off the King mortgage to Sheridan, and had the same released of record. He occupied the land and paid

all taxes thereon under the master's deed, until in November, 1865, when he sold the same to William Cesna, by conveyance with covenants of general warranty, who went into possession and so continued until he sold the same to Stephen Cesna, who, in like manner, took possession and still occupies the same. That William Cesna paid all taxes on the lands whilst he was in possession, and Stephen has done likewise since he purchased and went into possession.

Plaintiffs in error filed a bill in 1864, against other parties and different lands from these now in controversy, to foreclose the first mortgage executed by Ayers to Mason, which bill is alleged to have been lost. Afterward, on the 5th of June, 1869, they filed an amended bill, making defendants in error parties, and seeking to foreclose as to the lands embraced in the second mortgage by Ayers to Mason. Sherman answered and filed a cross-bill. Stephen Cesna answered, setting up the facts, and pleaded the Statute of Limitations, claiming that his possession, coupled with that of those under whom he claims, and payment of taxes under claim and color of title made in good faith, operates to bar a foreclosure by Mason's representatives.

On a hearing in the court below a decree was rendered dismissing Sherman's cross-bill and so much of the amended bill as related to the land held and claimed by Cesna, and foreclosed the Mason mortgages on the other lands embraced therein. To reverse that decree this writ of error is prosecuted, and various errors are assigned on the record.

In the view we take of the case we deem it necessary only to consider the single question, whether the foreclosure of the junior mortgage was barred by the act of 1839. That the master's deed is color of title is not questioned. Nor is it disputed that Sherman and the two Cesnas were in the actual possession of the premises, under the claim and color of title, for more than seven years continuously, and that they paid all taxes during the time they were in possession, for more than seven successive years. The evidence shows that there was claim and color of title, connected with actual possession, with

124          MASON *et al. v.* AYERS *et al.*          [Sept. T.

Opinion of the Court.

payment of all taxes legally assessed upon the land for seven successive years, and all united and concurring. But it is urged that the statute will not run as against a junior mortgagee in favor of a purchaser under a foreclosure of a senior mortgage; that the purchaser at such a sale, where the junior mortgagee has not been made a party, must be treated as a trustee, and that his possession and payment of taxes inures to the benefit of the junior mortgagee as well as the mortgagor.

This case is governed by *Chickering* v. *Failes*, 26 Ill. 507. In that case there was a strict foreclosure, but the assignee of the mortgagor was not made a party to the bill, and still it was held to constitute color of title made in good faith, and seven years' possession and payment of taxes thereunder were held to create a bar under the statute. It was there held that the effort to foreclose, and the decree thereunder, was such an act as notified the mortgagor and his assigns that he had determined to terminate the fiduciary relation that existed between them; that all his subsequent acts would be referred to a claim in the mortgagee to hold in his own right, and not in subserviency to the claim of the mortgagor; that after the decree of foreclosure, although defective, he held in his own right and in hostility to the rights of the mortgagor, and from the time of possession, taken under the decree, the statute began to run. And in that case it was held, that in analogy to the common law, courts of equity would apply the bar of the statute to equitable estates as well as to legal titles.

The case of *Hinkley* v. *Greene*, 52 Ill. 223, announces the same rule, and is, in its essential features, similar to the case at bar; and *McCagg* v. *Heacock*, 42 Ill. 153, announces the same principle; and the case of *Huls* v. *Buntin*, 47 Ill. 396, announces the same rule. These cases proceed upon the doctrine, that where there is an attempt, unconnected with fraud, to foreclose, and a decree is rendered and a sale had, although the decree may be erroneous, or even void, still it shows an unmistakable intention to change the relations of the parties from mortgagee and mortgagor to that of claim of separate

and independent rights; that the strict foreclosure or a deed under a foreclosure and sale, constitutes color, and that the relations of the parties, from that time forward, are hostile; that their fiduciary relation has thus terminated, and that they henceforth act as strangers in reference to the mortgaged property.

In this case, like the cases of *Chickering* v. *Failes* and *Hinkley* v. *Greene, supra,* there was a foreclosure, and, as in the latter case, the junior mortgagee was not made a party, and a sale and purchase by the mortgagee, followed by possession and payment of taxes for the statutory period. And as it was held there to constitute a bar, so it must be in this case. And, as the bar of the statute was complete, the plaintiffs in error had no right to foreclose as against the Sherman farm, as it is called, and the court below committed no error in dismissing the bill as to those lands. The decree is affirmed.

*Decree affirmed.*