## Samuel P. Hodgen

### *v.*

## Michael Henrichsen.

1. Limitation—*of* 1839, *as to minors, construed.* The limitation act of 1839 runs against minors, unless they shall, within three years after becoming of age, bring suit to recover the land, and prosecute the same to judgment, or, in case of vacant and unoccupied land, they shall, within that period, refund the taxes, and twelve per cent interest thereon to the person who has paid them.

2. Same—*former decision.* So far as the case of *Huls* v. *Buntin,* 47 Ill. 396, seems to hold that the act does not run against a person under disability, it must be regarded merely *obiter dicta.* The correct rule is as above stated.

3. Same—*good faith as to claim and color of title.* Under the limitation law of 1839, a deed to a party will be presumed to have been executed in good faith, unless circumstances are proved tending to show bad faith; and the mere fact that the deed, by and of itself, does not pass a good title, where it does not appear on its face to be insufficient, is not sufficient evidence of bad faith to overcome the presumption that it was executed in good faith.

4. Same—*as a defense to partition.* Possession and payment of all taxes on land for seven successive years, under color of title, made in good faith, by one of several tenants in common before suit brought, is a good defense against proceedings by the other tenants in common for partition.

Appeal from the Circuit Court of Logan county; the Hon. Charles H. Wood, Judge, presiding.

Mr. Wm. B. Jones, and Mr. W. P. Randolph, for the appellant.

Messrs. Beason & Blinn, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was a bill in chancery, filed by appellant, against appellee and others, in the court below, for the partition of certain lands in Logan county. The case was here, on the appeal of the present appellee, at the January term, 1873, and the decree theretofore rendered was in part affirmed and in part reversed. See *Henrichsen* v. *Hodgen et al.* 67 Ill. 180.

Appellant now, as when the case was here before, claims seven-ninths of the two forty-acre tracts of land, (as to which the former decree was reversed) by virtue of quitclaim deeds from John and James Bradshaw, that being the interest they inherited in the property from their deceased father, Josiah Bradshaw, and their deceased brother, James Bradshaw. Appellee still relies, also, as he did then, on the 1st section of the act of March 2, 1839, entitled "An act to quiet possessions and confirm titles to land," and insists that he has claim and color of title to the lands, made in good faith, and has been in possession thereunder and paid all taxes assessed on the property for seven successive years before the commencement of the suit.

The case, as now presented, differs, in our opinion, in no material respect from the case as before presented. Appellant insists the evidence shows that John Bradshaw was not of age until in 1864 or 1865, and, consequently, that three years after the expiration of his minority had not terminated when the bill was filed. We can not concur in this view. He says, himself, he was born October 1, 1841, and there is no witness who testifies directly to the contrary. There are several witnesses who testify that they think his father and mother were not married until in the latter part of the year 1841, or the early part of the year 1842, but they are by no means positive in their recollection of the date. None of them were present at the wedding, and they give no circumstance tending strongly to impress the date of the event on their memories. We regard the evidence of the party, himself, as to the family reputation on the subject, as far more satisfactory. To him it was a question of importance, and one about which persons are very rarely mistaken. There is no effort to prove when the other two children were born. We are informed they were younger than John, and that is, in substance, all. The burden was upon appellant to prove their minority, and the present proof in that regard is quite as unsatisfactory as it was in the former record.

It is next insisted that the act of 1839 does not run against

a person under disability, and, hence, that it can have no application to the present case, because seven years after John Bradshaw became of age had not expired when the bill was filed. There is language used in *Huls* v. *Buntin*, 47 Ill. 396, which would seem to sanction this view, but it was merely thrown out *arguendo*, and not based upon any attempt to analyze or construe the peculiar language of the statute, and must be regarded merely as *obiter dicta*.

The 1st and 2d sections of the act make no savings in favor of any class of persons, but the 3d section is as follows:

"The above sections of this act shall not extend to any land or tenements when there shall be an adverse title to such land or tenements, and the holder of such adverse title is under the age of twenty-one years, insane, imprisoned, *feme covert*, out of the limits of the United States, or in the employment of the United States or of this State: *Provided*, such person shall commence an action to recover such land or tenements so possessed as aforesaid within three years after the several disabilities herein enumerated shall cease to exist, and shall prosecute such action to judgment, or, in case of vacant and unoccupied land, shall, within the time last aforesaid, pay to the person or persons who have paid the same, all the taxes, with interest thereon at the rate of twelve per cent per annum, that have been paid on said vacant and unimproved land." Purple's Real Estate Statutes, p. 426; Rev. Stat. 1874, p. 674, secs. 6, 7, 8.

The language is too plain to admit of doubt or discussion. The statute does run against minors, etc., unless they shall, within three years after becoming of age, commence an action to recover the lands, etc., and prosecute the same to judgment, or, in case of vacant and unoccupied lands, they shall, within that period, pay the taxes and twelve per cent interest thereon to the person who has paid them, and thus remove the bar of the statute. When this is not done, the bar is as complete against the minor or other person under disability, as it is against a person laboring under no disability.

Upon the question raised with regard to the sufficiency of the evidence to show the execution of the deed by Latham

to appellee, we need but say we see no cause to question the truthfulness of the witnesses testifying to that fact, and, unless this shall be done, it is impossible to doubt the sufficiency of the proof of the execution of the deed. Three witnesses— two of whom are apparently disinterested and none of whom are impeached—testify that the deed was executed; and its loss before being recorded is shown. We have repeatedly held that a deed will be presumed to have been executed in good faith, unless circumstances tending to establish bad faith are proved; and that the mere fact that the deed, by and of itself, does not convey a good title, or, for that matter, any actual title, (the deed furnishing no evidence, upon its face, of its insufficiency) is not, alone, sufficient evidence of bad faith to overcome the presumption that it was executed in good faith. *Woodward* v. *Blanchard*, 16 Ill. 424; *Bride* v. *Watt*, 23 id. 507; *Dickenson* v. *Breeden*, 30 id. 279; *Brooks* v. *Bruyn*, 35 id. 392; *Fagan et al.* v. *Rosier*, 68 id. 84; *Hardin* v. *Gouveneur*, 69 id. 140.

We find no affirmative evidence of bad faith in the record, and we see no cause to disagree with the conclusion reached by the court below as to the sufficiency of the evidence to authorize the decree as rendered.

The decree is affirmed.

*Decree affirmed.*