LAURA REEDY *et al.*

*v.*

WILLIAM G. CAMFIELD *et al.*

*Filed at Springfield January 17, 1896.*

1. MORTGAGES—*when heirs of mortgagor are not necessary parties on foreclosure.* The supposed heirs of a person who is presumed to be alive, although his whereabouts are unknown, are not necessary parties on foreclosure of a mortgage given by him.

2. JUDGMENTS AND DECREES—*validity of decree as affected by defect of affidavit for publication.* A decree of foreclosure is not void upon collateral attack because rendered on service by publication, the affidavit for which was defective in that, after stating that the residence of the mortgagor was unknown, it failed to further state, in the language of the statute, that such residence could not be ascertained upon diligent inquiry, where the decree recites due notice by publication, and that defendant could not be found for service of process upon him.

3. ADVERSE POSSESSION—*seven years under master's deed establishes title.* More than seven years' possession, with payment of taxes, by a purchaser on foreclosure under a master's deed, and by his successors claiming under him, establishes title.

4. SAME—*color of title—defective affidavit for publication.* The sufficiency, as color of title, of a master's deed on foreclosure is not affected by a defect in the affidavit for publication on which the foreclosure was based, in the absence of any fraud or bad faith.

5. SAME—*mere error in decree of foreclosure does not affect color of title.* A foreclosure decree and sale constitute color of title in good faith, although the decree is erroneous, or even void, if unattended with any fraud.

6. LIMITATIONS—*absence of party for seven years—effect on bar as against heirs.* The running of the Statute of Limitations against a person who has disappeared, but who is still presumed to be living, is not interrupted in favor of his infant heirs by the expiration of the seven years which creates a presumption of his death.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. EDWARD P. VAIL, Judge, presiding.

This is a bill filed on July 2, 1891, by plaintiffs in error, the grandchildren and only heirs-at-law of Ira A. A. W. Camfield, against the defendants in error, William G. Camfield and John Millizen, to redeem certain lands from a

sale on foreclosure of a mortgage. The defendants below answered the bill, and an amendment thereto filed on April 18, 1895; and the cause was referred to a master, who reported the evidence and his findings, which were in favor of the defendants. The complainants excepted to the report; the exceptions were overruled; and the bill was dismissed. The present writ of error is sued out for the purpose of reviewing such decree of dismissal.

The mortgage, which was upon forty acres of land, was executed by Ira A. A. W. Camfield on January 8, 1877, to secure his note for $1200.00 due in one year after date to the order of William Kirkwood, guardian of William G. Camfield. Ira A. A. W. Camfield left Moultrie county where he lived, and where the land was situated, on September 19, 1877, and never returned, and his whereabouts were never known after the 20th day of September, 1877.

Kirkwood, the guardian, filed a bill in January, 1878, to foreclose the mortgage in the Moultrie county circuit court, and obtained a decree of sale at the April term, 1878. On July 13, 1878, the master sold the land under the decree, and it was purchased by Kirkwood, as guardian of William G. Camfield, the money loaned upon the note and mortgage being the money of the ward. J. H. Baker became the guardian of said William, as the successor of Kirkwood; and Kirkwood assigned the certificate of purchase to Baker, to whom as guardian the master conveyed the land by deed, dated February 26, 1880. In January, 1885, William became of age, and Baker settled with him and turned over the land to him. On March 10, 1885, William conveyed the land by warranty deed to the defendant in error John Millizen.

When Ira A. A. W. Camfield disappeared, he left a wife, Mary Camfield, and two grandchildren, the plaintiffs in error, the children of a deceased daughter. The wife was made defendant to the foreclosure bill and was served. Ira was served by publication, Kirkwood making the affidavit that he had made diligent inquiry as to the where-

abouts of the said Ira; and upon due inquiry he could not be found so that process could be served upon him, and that his place of residence was unknown to the affiant. The notice, which was published, recited the filing of the affidavit.

The object of the present suit is to set aside the decree of foreclosure and the deeds aforesaid upon the grounds stated in the opinion.

J. F. HUGHES, F. M. HARBAUGH, and R. M. PEADRO, for plaintiffs in error:

The only pretense of service was by publication based upon the affidavit of Kirkwood, in which he states "he made diligent inquiry as to the whereabouts of Ira A. A. W. Camfield, and upon due inquiry he cannot be found so that process can be served upon him, and that his place of residence is unknown." This we deem wholly insufficient. *Hartung* v. *Hartung,* 8 Ill. App. 156.

The affidavit should aver, in the language of the statute, "that upon diligent inquiry the place of residence of the defendant cannot be ascertained." *Malaer* v. *Damron,* 31 Ill. App. 572.

As to literal requirements of the statute regarding constructive service, see *Boyland* v. *Boyland,* 18 Ill. 551; *Campbell* v. *McGahan,* 41 id. 45; *Tompkins* v. *Wiltberger,* 56 id. 385.

The court having no jurisdiction of Camfield, so far as he or his heirs were concerned the decree is absolutely void, and may be attacked either directly or collaterally. *Campbell* v. *McGahan, supra.*

A sale under such decree divests no title. *Chase* v. *Dana,* 44 Ill. 262; *Coal and Mining Co.* v. *Coal and Mining Co.* 111 id. 32; *Johnson* v. *Baker,* 38 id. 98.

Camfield not being properly served with process nor entering his appearance, even if alive at that time he was not bound by that decree. *Borders* v. *Murphy,* 78 Ill. 81; *Orthwein* v. *Thomas,* 127 id. 554.

With reference to the claim under the Statute of Limitations, the deed made by the master in chancery to the guardian of William G. Camfield lacked the element of good faith. William Kirkwood, the guardian, made this defective affidavit, and his successor, J. H. Baker, received the deed. *Hardin* v. *Gouveneur*, 69 Ill. 140.

A party who receives color of title knowing it to be worthless or in fraud of the owner's rights, although he holds the color and asserts the claim, cannot render it availing because of want of good faith. *Dalton* v. *Lucas*, 63 Ill. 337.

When defendants in error sought to obtain title during the seven years' absence, it devolved upon them to affirmatively show the court had jurisdiction both of the subject matter and person of Camfield. *Johnson* v. *Johnson*, 114 Ill. 611; *Whiting* v. *Nicoll*, 46 id. 230.

JOHN R. & WALTER EDEN, and MEEKER & MEEKER, for defendants in error:

Although there be no presumption of the time of the death,—whether earlier or later during the seven years,— yet if it be important to any one to establish the precise time of such person's death he must do so by evidence of some sort to be laid before the jury for that purpose, beyond the mere lapse of seven years since such person was last heard of. *Whiting* v. *Nicoll*, 46 Ill. 230.

The decree finds that Camfield was duly notified of the pendency of the suit by publication in a newspaper. This recital implies that the required affidavit to warrant the publication had been filed. *Wenner* v. *Thornton*, 98 Ill. 156.

It is a fundamental rule of evidence that the record of a court can never be contradicted, varied or explained beyond or outside the record itself. *Barnett* v. *Wolf*, 70 Ill. 80; *Matthews* v. *Hoff*, 113 id. 94.

If the record shows the filing of an affidavit as to nonresidence, publication of notice, and that the court had jurisdiction of the defendant to the bill for foreclosure,

159—17

·evidence not of record cannot be heard to impeach the decree and show a want of jurisdiction. *Connely* v. *Rue*, 148 Ill. 287.

When a decree is called in question collaterally, and is silent as to the question of service, it will be presumed the court had jurisdiction. *Swearengen* v. *Gulick*, 67 Ill. 209.

It seems clear that plaintiffs in error are barred by the Statute of Limitations, even if the foreclosure proceedings were a nullity. *Chickering* v. *Failes*, 26 Ill. 520; *Mason* v. *Ayers*, 73 id. 124.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—It is claimed on behalf of plaintiffs in error, that the mortgagor, Ira A. A. W. Camfield, must be presumed to have been dead when the foreclosure proceedings were instituted; and that plaintiffs in error, being his only heirs-at-law, should have been made parties to those proceedings; and that, as they were not made parties thereto, the decree of foreclosure is void as to them. This claim is disposed of by the case of *Reedy* v. *Millizen*, 155 Ill. 636, which was a controversy between the same parties who are litigating here, and where the evidence as to the disappearance of Ira A. A. W. Camfield, as to his absence for more than seven years, as to the condition of his health when he went away, and as to all the circumstances connected with his departure, was the same as is the evidence in this case. It was held in *Reedy* v. *Millizen*, *supra*, that such evidence was not sufficient to overcome the presumption of the continuance of said mortgagor's life until the expiration of the full period of seven years. In view of the decision thus made, it must be presumed, that said Camfield was alive when the foreclosure suit was begun in January, 1878, and when the decree therein was entered at the April term, 1878, and when the master's deed was executed to J. H. Baker, guardian of William G. Camfield, on February 26, 1880.

The mortgagor being thus alive at the times mentioned, it was unnecessary to make plaintiffs in error parties to the foreclosure proceedings, as they had no interest in the mortgaged premises during the life of their ancestor.

*Second*—It is furthermore claimed, on behalf of plaintiffs in error, that the circuit court had no jurisdiction over Ira A. A. W. Camfield when the decree of foreclosure was entered, upon the alleged ground, that the affidavit, upon which the notice by publication was based, was defective. It will be noticed, that the original bill in the present proceedings, filed in 1891, proceeded upon the theory, that the mortgagor was dead when the foreclosure suit was begun, and that the decree of foreclosure was void because his heirs, the present plaintiffs in error, were not parties to the foreclosure proceeding, while the amendment filed to the bill subsequently, and more than three years after plaintiffs in error became of age, proceeds upon the theory that the mortgagor was alive when the foreclosure suit was brought, and was not properly served by publication therein by reason of the defect claimed to exist in the affidavit for publication.

The defect charged against the affidavit is, that the affiant, Kirkwood, therein states that he made diligent inquiry as to the whereabouts of Ira A. A. W. Camfield, and upon due inquiry he could not be found so that process could be served upon him, and that his place of residence was unknown to the affiant; whereas, as it is alleged, the affidavit should have stated, in the language of the statute, "that upon diligent inquiry his place of residence cannot be ascertained." If this were a direct proceeding, by appeal or writ of error, to review the decree entered in the foreclosure proceeding, we should be inclined to hold, that the defect pointed out by counsel for plaintiffs in error was sufficient to authorize a reversal of the decree. In the cases referred to by counsel as authority for their contention, the question was raised in

a direct proceeding, upon appeal or writ of error, to review the decree or judgment complained of.

Here, however, the foreclosure decree is attacked in a collateral proceeding. That decree recites upon its face, that it appeared to the court, that the defendant, Ira A. A. W. Camfield, had due notice of the pendency of the suit by publication in a newspaper, and that it further appeared to the court, that upon due inquiry his place of residence was unknown, and that, on due inquiry, he could not be found so that process could be served on him. If, upon due inquiry, his place of residence was unknown, it would seem to follow, as a matter of course, that upon due inquiry his place of residence could not be ascertained, because, if his residence could be ascertained by due inquiry, it would not be unknown after the making of such due inquiry. The recital in the decree implies, that the required affidavit to warrant the publication had been filed. (*Wenner* v. *Thornton*, 98 Ill. 156).

The circuit court of Moultrie county, which rendered the decree of foreclosure, was a court of general jurisdiction. It is a well settled rule that, in collateral proceedings, nothing is presumed to be outside of the jurisdiction of courts of general jurisdiction, but that which specially appears to be so. (*Swearengen* v. *Gulick*, 67 Ill. 208). Where a court finds, in its decree or judgment, that it has acquired jurisdiction by publication, it will be presumed, in a collateral proceeding, that there was sufficient evidence before the court to warrant the judicial finding. Service by summons can only be proven by the written return of the officer, and, if such return contradicts the finding of the court, it will overcome the finding, and prove the want of jurisdiction, even in a collateral proceeding. In case of service by summons which is insufficient to confer jurisdiction, parol evidence cannot be heard to prove or aid the service. Where, however, the service is by publication, parol evidence may be received to prove that the notice was published. The printer's

certificate is not declared by the statute to be the only means of proving the publication. Such a certificate, found among the papers in a cause, even though insufficient on its face to show a proper publication, will not overcome the finding of the court, when it declares in its decree or judgment that it had acquired jurisdiction by publication. It will be presumed in such case, that the court acted on other and sufficient evidence to sustain its finding. (*Barnett* v. *Wolf*, 70 Ill. 76; *Matthews* v. *Hoff*, 113 id. 90). "A party, who has purchased land under the judgment of a court of competent jurisdiction, *bonâ fide*, and with no notice of any such defects as the absence of a summons or notice, should not be put in jeopardy of his title, or be required to take the risk of the loss or abstraction of a loose paper from the files, when the decree or judgment of the court recites the fact that process was duly served, or the required notice duly given." (*Bowen* v. *Bond*, 80 Ill. 351). The record of a court can never be contradicted, varied or explained by evidence beyond or outside of the record itself; and where a decree, attacked in a collateral proceeding, finds that the defendant has been duly notified of the pendency of the suit by publication, proof is inadmissible to show that the notice contained in the record was the only publication ever made, and was the one upon which the court must have acted. (*Harris* v. *Lester*, 80 Ill. 307; *Connely* v. *Rue*, 148 id. 207; *Bickerdike* v. *Allen*, 157 id. 95).

In view of the recitals in the decree of foreclosure, we are inclined to think that the objection to the jurisdiction of the court to render the decree of foreclosure, based upon the defect in the affidavit, is not well taken.

*Third*—But, if we are wrong in the conclusion, that the defect in the affidavit was not sufficiently serious to affect the validity of the decree of foreclosure when attacked in this collateral proceeding, the defense of possession and payment of taxes under color of title made in good faith, as set up by the defendant in error, Millizen,

in his answer below, seems to us to be a good defense as against the claim of plaintiffs in error.

When the master's deed was executed to Baker, as guardian, in February, 1880, he at once took possession of the land under that deed, and continued such possession and paid all the taxes until March, 1885, when the title was transferred to Millizen, who at once went into possession, continuing the former possession of Baker, and has since that time remained in possession and paid all the taxes legally assessed upon the land up to the time of filing the bill herein in 1891. We think that the bar of the seven years' statute has become complete in favor of Millizen.

Inasmuch as it has been held, that Ira A. A. W. Camfield must be presumed to have been alive during the seven years after his disappearance in September, 1877, the Statute of Limitations began to run during his lifetime, and therefore, his death and the descent of his rights and equities in the land to his minor heirs, the plaintiffs in error, did not interrupt the completion of the bar. (*Reedy* v. *Millizen, supra*).

As we understand the contention of plaintiffs in error, it is not denied, that the bar of the statute is complete, so far as the payment of taxes and possession for seven years by Baker and Millizen are concerned, but it is said, that the master's deed of February, 1880, under which the possession was taken and the payment of taxes was made, cannot be regarded as claim and color of title made in good faith. That deed is claimed to lack the element of good faith upon the alleged grounds, that Kirkwood, the guardian of William G. Camfield, complainant in the foreclosure suit and purchaser at the master's sale, made the affidavit for publication; that, as that affidavit was defective for the reasons already stated, so as to make the decree of sale void for want of jurisdiction, Kirkwood could not be regarded as acquiring the land in good faith by the purchase at the master's sale and that Baker,

being the assignee from Kirkwood of the master's certificate of sale, occupies no better position than Kirkwood.

Whether the affidavit was sufficient or not, we do not regard it as operating to affect the master's deed, or the possession thereunder, with a want of good faith. There is no evidence of any fraud or bad faith on the part of Kirkwood or Baker. Imperfections and irregularities in any part of the chain, by which color of title is derived, will not alone be regarded as evidence of a want of good faith. (*Dawley* v. *Van Court*, 21 Ill. 460). Where a sale for taxes was void, an auditor's deed made in pursuance of such a sale was held to be good color of title, and the fact that the sale was void was held to be no evidence of bad faith. (*Chickering* v. *Failes*, 26 Ill. 507). Notice of adverse claim does not affect good faith. (Idem).

In *Chickering* v. *Failes*, *supra*, where there was a strict foreclosure of a mortgage, and certain parties were not properly before the court, we said (p. 520): "It seems to be altogether immaterial whether the decree was sufficient or not to bar the equity of redemption to render it color of title. The effort was made to bar it, and the decree was entered for that purpose, and in the absence of fraud, or proof showing that it was in bad faith, we must hold that it is color of title made in good faith. If the decree was not warranted, it was no more bad faith for the mortgagee to rely upon it as color of title than for a purchaser at an unconstitutional and void sale for taxes."

In *Hassett* v. *Ridgely*, 49 Ill. 197, a judgment in partition was held to be good color of title, although a part of the tenants in common were not made parties to the partition suit.

Where there is an attempt, unattended with any fraud, to foreclose a mortgage, and a decree is rendered and a sale had, the deed made in pursuance of such decree and sale will be regarded as color of title made in good faith, though the decree is erroneous, or even void; because the effort to foreclose, and the decree and sale in pursuance

thereof, are such acts as notify the mortgagor and his assigns, that the mortgagee has determined to end the fiduciary relation between them, and thereafter to occupy a hostile attitude. (*Mason* v. *Ayers*, 73 Ill. 121; *Norris* v. *Ile*, 152 id. 190).

Hence, we regard the master's deed to Baker executed in February, 1880, as color of title made in good faith.

The decree of the circuit court is affirmed.

*Decree affirmed.*