# PHILANDER CHASE

## v.

# GILES C. DANA.

1. AGENCY — *an attorney in fact — must act strictly within the scope of his authority.* The rule is an established one, that an attorney in fact can only act within the strict letter of his authority, for the purposes and in the manner prescribed, a departure from which will not be sanctioned.

2. JUDGMENT NOTE — *what deemed unauthorized action upon under power delegated.* Where, under a warrant of attorney, to enter the appearance of the maker of a note bearing date April 24, 1846, and confess a judgment thereon, the appearance was entered and a judgment taken upon a note bearing date April 24, 1856, — *held,* that the action was unauthorized, and the judgment entered therein a nullity, and binding upon no person, either in a direct or collateral proceeding.

3. JUDGMENTS — *of a sale under a void judgment — no title divested.* And in such case lands sold under an execution issued upon the judgment divests no title; the judgment being unauthorized, the sale is void.

WRIT OF ERROR to the Circuit Court of Stark county; the Hon. MARION WILLIAMSON, Judge, presiding.

The opinion states the case.

Mr. J. W. HEWITT, for the plaintiff in error.

Mr. M. A. FULLER, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment brought by plaintiff in error, at the November Term, 1865, of the Stark Circuit Court, against defendant in error, for the recovery of the W. ½ S. E. qr. and the N. E. ¼ of the S. E. qr. of sec. 31, township 12 north, in range 7 east. The cause was tried by the court without the intervention of a jury, by consent, and resulted in a judgment in favor of defendant. Plaintiff proved possession of the premises, under claim of title by deed, from 1852 till 1863, when he was evicted by the tenants of defendant. There

is no dispute that plaintiff previously owned the premises, but it is insisted that his title was transferred to defendant, by a sale under an execution, and a judgment confessed under a warrant of attorney, executed by plaintiff, in favor of defendant. The power of attorney, the note, the judgment order, the execution and sheriff's deed, were all read in evidence on the trial.

It is, however, contended, that the confession of the judgment was not authorized by the power of attorney; and that, for want of such authority, the judgment, and all subsequent proceedings under it, were void, and conferred no title to the land. It appears that the note was dated on the 24th of April, 1856. The power of attorney bears date on the 4th day of June, 1858, and authorizes T. J. Henderson, or any other attorney, to confess a judgment against the maker, for the amount of a note which is therein described as similar to the note upon which judgment was confessed, except it is described as bearing date on the 24th day of April, 1846, and is described as a note dearing six per cent; while the note upon which the judgment was rendered is for the payment of the principal sum, with interest, without specifying the rate; the condition in the note is otherwise properly set forth in the power of attorney.

As a general rule, well recognized and firmly established, an attorney in fact is held to a strict compliance with the authority conferred. When he acts, it must, to be sustained, be within the scope of his authority. It must be for the purposes prescribed, and in the mode required. A departure from the authority conferred, or for purposes not authorized, will not be sustained, and because there is a want of power. In this case, the authority was to enter the appearance of the maker of a note, bearing one date, and to confess a judgment on that note, while the appearance was entered, and judgment entered on a note dated two years afterward. This was manifestly not within the power delegated; and, if there was no power to enter the appearance and confess the judgment, it is a nullity, and binds no one, either in a direct or collateral proceeding, but may be attacked at all times, and in all courts; because the

court must, in some mode, have jurisdiction of the defendant, or it cannot act. Nor is it an answer to say, that the power of attorney authorized the entry of appearance for one purpose, and that it was merely error to render a judgment for another and different purpose. The authority was special, and limited to entering an appearance to, and the confession of a judgment on, one particular instrument; and an appearance could not be entered to, or a judgment confessed on, a different instrument.

No one would contend, that the attorney in this case could have confessed judgment in an action of ejectment, slander or on an account, because they are not within the scope of the authority conferred; and yet in terms the authority to confess this judgment is as fully excluded as in either of the other cases. Nor is it an answer to say, that the date was by mistake misrecited in the warrant of attorney. We know of no rule of construction which would authorize us to draw such an inference. It, so far as we can see, is the contract of the parties, fairly drawn and embodying their intention. The judgment being unauthorized, no title could be divested by a sale under it. The defendant therefore failed to show title, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*