# ANZALETTA BARNETT

*v.*

# PATRICK WOLF.

1. JURISDICTION—*finding in respect to, can not be contradicted by parol in a collateral proceeding.* Where a court finds, in its decree, that legal and proper notice has been given, this can not be contradicted in a collateral proceeding by evidence *dehors* the record.

2. SAME—*finding as to personal service—how impeached.* Where personal service is claimed, which can only be shown by the officer's return, if the return contradicts the finding of the court, it will overcome the presumption arising from the finding, and prove a want of jurisdiction, even in a collateral proceeding.

3. SAME—*parol evidence to show.* Where the service is by summons, and it is insufficient to confer jurisdiction, parol evidence can not be heard to prove or aid it; but where the service is by publication, it may be received to prove the due publication of the notice.

4. SAME—*sufficiency of evidence to disprove finding in respect to.* As the statute has not made the publisher's certificate the only evidence of the due publication of notice, the fact that such certificate, filed in a case, and a part of the record, is wholly insufficient to prove a proper publication, will not overcome the finding of the court that legal notice was given.

5. SAME—*presumption as to jurisdiction of county court.* The county court, though of limited jurisdiction, is not, strictly speaking, one of inferior jurisdiction, and, when acting within the sphere of its jurisdiction, as liberal intendments will be indulged in favor of its judgments and decrees as those of the circuit court.

6. EVIDENCE—*to impeach record.* The record of a court can never be contradicted, varied or explained by evidence outside the record itself; but one part may be contradicted by another, or limited, qualified or explained.

7. DECREE—*can not be impeached collaterally for error.* If the court has acquired jurisdiction in an application by an administrator to sell real estate, the failure to appoint a guardian *ad litem* for infant defendants, is but an error, which can not be urged in a collateral proceeding involving the title acquired under the decree.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of ejectment, brought by Anzaletta Barnett, against Patrick Wolf, for the recovery of the northwest quarter of section 35, township 32 north, range 4 east of the third principal meridian, in La Salle county. The leading facts of the case will appear in the opinion of the court.

Messrs. ELDRIDGE & LEWIS, for the appellant.

Messrs. BICKFORD, BOWEN & MALONEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was ejectment, for the recovery of a quarter section of land, in the La Salle circuit court. On the trial below, plaintiff traced title from her grandfather, the patentee, through her mother, to herself; and to rebut her *prima facie* title, appellee introduced a decree of the county court of La Salle county licensing the executor of John Palmer, the grandfather of appellant, to sell this land for the payment of debts ; a deed from the executor, Wm. C. Richardson, on a sale under the decree, to Edward C. Henshaw, with an order of the court approving the sale; also *mesne* conveyances, so as to complete a regular chain of title from Henshaw to appellee.

The principal controversy in the case grows out of the sale of the land by the executor to Henshaw. If it is so far regular as to pass the title, then appellant was divested of title, and has no right to recover; and that depends upon whether the county court acquired jurisdiction of the subject matter,

and the person of the owner, as nothing is perceived in the subsequent proceedings which would prevent the title from passing to the grantee of the executor.

That the county court had jurisdiction of the subject matter, is contested. The notice of the application for the sale of the land describes a different quarter from that in controversy. The true description of the land is, the north-west quarter of section 35, township 32 north, range 4 east of the third principal meridian, and the land is so described in the petition, executor's deed and report, etc., whilst it is described in the published notice, on file in the county court, of the application for leave to sell, as the north-west quarter of section 32, in the same township and range. Thus it will be seen that this notice of application for leave to sell did not describe the land named in the petition and decree.

The decree of the county court finds that the legal and proper notice of the application to sell the north-west quarter of section 35 was duly made in the "Ottawa Republican," and that it was a newspaper of general circulation; but to overcome this finding, appellant introduced what are claimed to be the files of that paper, from which it appeared that no other notice was given of application for leave to sell this land than that filed in the case, describing the quarter as being on section 32; and the present publisher of the paper was called, and testified that the volume offered was turned over to him, when he purchased the printing office, as the bound volume of the files of the "Ottawa Republican" for the years 1854 and 1855, and from which the files of the papers were read.

The question whether the solemn finding of the court, as to its jurisdiction, can be contradicted by evidence outside of the record, is presented in this case, and upon its determination depends the rights of the parties. In cases of summons and personal service, and where the proof of service can only be shown by the return of the officer, it has been held that, if the return contradicted the finding of the court,

it would overcome the finding, and prove the want of jurisdiction, even in a collateral proceeding. In the case of *Botsford* v. *O'Conner*, 57 Ill. 72, it was held that, where the service is by summons, and it is insufficient to confer jurisdiction, parol evidence can not be heard to prove or aid it, but that it is otherwise where the service is by publication, when parol evidence may be received to prove that the notice was published. Where service is by summons, the only mode the court has to determine whether it has acquired jurisdiction, is by the return of the officer on the summons. The court can not hear parol evidence proving admissions of the defendant that he was served, but must be governed by the return of the officer. If the return is defective, when the service is good, the court should require the officer to amend his return so as to conform to the facts. If the service itself was defective, so that the return can not be amended and state the truth, the court should refuse to proceed in the case until there is new and proper service, or until an appearance is entered, giving the court jurisdiction of the person of the defendant.

The statute has, however, provided that, where the service is by publication, a proper certificate of the printer shall be sufficient evidence of service to confer jurisdiction of the person of the defendant and of the subject matter of the suit; but the statute has not declared that this shall be the only means of proving the publication. If such a publication were properly made, the plaintiff might, no doubt, produce the requisite number of newspapers containing the notice, and prove by parol that they were a part of the weekly issue of the paper; were duly published and distributed, and that the entire issue and circulation for each week contained the same notice. This would have been the common law mode of making the proofs, had not the statute provided that it might be done by the certificate of the printer; and not being prohibited, the proof by certificate will be regarded as cumulative to the common law mode; and when we find that

the court has solemnly adjudicated, and found that it had jurisdiction in a case, where it was acquired by publication, we must presume that the court had sufficient evidence to warrant the judicial finding.

Nor will the fact that the certificate of the printer filed with the papers, being a part of the record, although wholly insufficient to prove that there was a proper publication, overcome the finding of the court. It will, in such a case, be presumed that the court heard and acted on other and sufficient evidence to sustain the finding. Such a case is essentially different from a service by summons, as in that case it can only be proved by the written return of the officer. There being, in such a case, but the one mode of service and its proofs, no presumptions can be indulged to contradict the return, whilst the service by publication may be proved in two different modes; and when the certificate is such that the court can not see from it that there is jurisdiction of either the subject or of the person, we will, where the court has found that it had acquired jurisdiction, presume that parol evidence was heard and acted upon by the court. The presumption, then, is, in this case, that the county court had jurisdiction of the subject matter, and of the person of appellant, and that the finding of that fact was warranted by the evidence there heard.

Such is the presumption in favor of all judgments of courts of superior or general jurisdiction in all collateral proceedings; and in the case of *Propst* v. *Meadows*, 13 Ill. 157, it was said that the county court, although a court of limited, is not, strictly speaking, a court of inferior jurisdiction; that it is a court of record, and has a general jurisdiction, of unlimited extent, over a certain class of subjects, and, when acting within that sphere, its jurisdiction is as general as that of the circuit court; and when acting within the limits of its jurisdiction, as liberal intendments will be indulged in favor of its judgments and decrees as would be extended to those of the circuit court; and the same rule was announced in the

case of *Von Kettler* v. *Johnson*, 57 Ill. 109, and this must be regarded as the settled law of this court.

It, then, follows that this decree must be entitled to the same force and the same presumptions as if it had been rendered by the circuit court, which is of unlimited, original jurisdiction.

It is a fundamental rule of evidence that the record of a court can never be contradicted, varied or explained by evidence beyond or outside of the record itself. The record in one part may contradict another part, or one part may limit, qualify or explain another, but evidence *dehors* the record will never be received for the purpose. To permit such evidence, would render records of no avail, and would render judicial sentences of but little protection, and would unsettle rights and lead to unprecedented uncertainty and confusion. Hence, all records must be tried and construed by themselves. Whilst the court may, as we have seen, hear evidence in cases of service by publication, either by the certificate of the printer or by witnesses, to prove that the court has jurisdiction and may rightfully proceed to hear and adjudicate in the case, it would be unprecedented, where the record failed to show jurisdiction, to permit oral proof, or, for that matter, any other kind of evidence, to show, in a collateral proceeding, that the court, in fact, did have jurisdiction. No such precedent can be found, and if it could, it would not be followed.

The reasons for not permitting proof that the court did have jurisdiction, apply, with all their force, to prevent proof from being heard to contradict the finding of the court that it had jurisdiction. That such a record, in a collateral proceeding, imports verity, and can not be contradicted, is too well established, by uniform practice and precedent, to be questioned. The evidence, then, of the publisher of the paper, and the files of the newspaper introduced, were improperly received by the court; but as the case was tried by the court without a jury, we will presume that he did not consider it.

6—70TH ILL.

Such evidence, although admitted without objection, could not contradict the decree of the county court, because every presumption would be indulged in favor of the integrity of the decree. There is no evidence that the papers bound in the volume were the same as others of the same issue. We know, as a matter of fact, that the press is frequently stopped, and changes made in the form, and that the papers struck before the change are unlike those struck afterwards. Such a change in this notice, in the few last numbers, for a purpose, is possible, or, if a notice was published with the misdescription in the first number, and corrected, and subsequently published for the requisite time, would have been sufficient; and the jurisdiction would not have been defeated if the publisher had, through mistake, taken the first and incorrect notice and certified that it was published. We must presume that the finding is correct, until impeached by the record itself in such a manner as to preclude all presumptions in its favor. So long as this decree remains unreversed and in full force, it must be held conclusive in all collateral proceedings.

Nor is this case, in its essential features, similar to the case of *Donlin* v. *Hettinger*, 57 Ill. 348. In that case, the proceeding was commenced in Lake county, in 1846, for the sale of lands in that county. That case came to an end by the rendition of a decree for the sale of the lands, but that decree was set aside by the court. About three years subsequently, the petition was amended for the sale of lands in another county, and the cause was continued until the next term, when a decree was rendered for the sale of the last described property; but it nowhere appeared that there was any service of process in this latter proceeding, or that notice was given of the intended application to have the decree of 1846 set aside and the petition amended so as to embrace lands in another county; nor did the decree find any such notice or service, but was wholly silent as to whether either was had. The difference in the two cases is obvious. In that case, there

was nothing in the record from which it could be inferred that there was any notice; whilst in this case, the decree expressly finds there was notice properly published.

It is also insisted that the court failed to obtain jurisdiction of the person of the minor, because a guardian *ad litem* was not appointed to defend for her. Such an appointment does not go to the jurisdiction of the court over the person of the defendant. That was acquired by the notice which the court found was given of the intended application for leave to sell the land.

All of the other questions raised as to the regularity of this proceeding to sell the land, the court having acquired jurisdiction, were only erroneous, and can not be regarded in any but a direct proceeding. They can not be effectually urged, collaterally, to defeat a title acquired under them.

The judgment of the court below is affirmed.

*Judgment affirmed.*