## EDWARD BANNON, Impl'd, etc.

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. JURISDICTION TO RENDER JUDGMENT.—MAY BE QUESTIONED COLLATERALLY.—Where a court has jurisdiction of the subject matter and of the person, the judgment is binding and conclusive, and cannot be questioned in any collateral proceeding, however erroneous it may be, but if such

Bannon v. The People.

jurisdiction in either particular be wanting, the judgment is a nullity, and can be attacked by any one affected by it in any and all proceedings either direct or collateral.

2.  PRESUMPTION OF JURISDICTION.—Where there is no special finding of the Court, the presumption of jurisdiction must be consistent with the record, for the court will be presumed to act upon and acquire jurisdiction from the facts alone as they appear in the record, and if these are insufficient to confer jurisdiction, the presumption will be overcome and the judgment held void.

3.  JURISDICTIONAL FINDING BY THE COURT.—WHAT MUST APPEAR IN THE RECORD.—But where the court adjudges that it has jurisdiction over the person, it is not enough, to destroy it, that the record itself is insufficient to support such finding, for it will be presumed that the court heard other evidence not necessary to present in the record, or that it acquired jurisdiction in some other manner than that stated.   In such cases, before such finding can be impeached, or the jurisdiction destroyed, the record must show affirmatively that such finding cannot be true.

4.  JUDGMENT BY CONFESSION—POWER OF ATTORNEY CONFERS JURISDICTION.—A power of attorney in a note. giving authority to enter the appearance in court of a defendant, and confess judgment thereon, when due, and the entry of such appearance, and confession of judgment. is that which confers jurisdiction upon the Court to render judgment.   If, therefore, the record shows that at the time of the entry of judgment thereon, the note was not due, it is equally apparent that the attorney had in fact no power to enter the appearance of the defendant, and having no such power, the court failed to acquire jurisdiction of the person, and the judgment is void.

5.  NO CONFESSION OF JUDGMENT UNTIL EXPIRATION OF DAYS OF GRACE. —A note payable on a certain day is entitled to days of grace, and an entry of appearance and confession of judgment by virtue of a warrant of attorney therein, before the expiration of such days of grace, confers no jurisdiction upon the court, and is void.

6.  EVIDENCE—WARRANT OF ATTORNEY A PART OF THE RECORD.—Upon confession of judgment upon a warrant of attorney contained in the note, the warrant of attorney becomes a part of the record, to the extent that it may be used in evidence, when offered in a collateral proceeding. as a part of the record, for the purpose of overthrowing the jurisdiction of the court.

7.  ATTACKING JUDGMENT COLLATERALLY.—So, in a proceeding by several creditors for distribution of funds in the hands of the sheriff, arising from a levy upon property of the execution debtor, on a motion to quash the execution of a judgment creditor, because from the record it appeared that the judgment upon which such execution was issued, was entered by confession before the note was in fact due, it was held that the court did not err in quashing such execution and ordering a distribution of the fund without regard to such execution.

8.  PRACTICE—SETTING ASIDE JUDGMENT AFTER LAPSE OF A TERM.— Where the parties to a judgment entered by confession, were satisfied, and did not solicit the aid of the court in that regard, it was error for the court to set aside such judgment after the lapse of a term.

32

Bannon v. The People.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HALEY & O'DONNELL, for appellants; argued that where a judgment is entered by confession in open court, the note and power of attorney are not a part of the record, and cited Magher v. Howe, 12 Ill. 379; Starburg v. Eaton, 47 Me. 596; Storer v. White, 7 Mass. 448; Pierce v. Adams, 8 Mass. 383; Hodges v. Ashurst, 2 Ala. 301; Cory v. Russell, 3 Gilm. 367; Edwards et ux. v. Patterson, 5 Gilm. 126; McDonald v. Arnout, 14 Ill. 58; Smith v. Wilson, 26 Ill. 186; Freeman on Judgments, § 78.

That in a collateral proceeding, where the validity of a judgment is questioned, it must be by the record of the judgment itself, and evidence *de hors* the record is not admissible: Thompson v. Morris, 57 Ill. 333; Gassett v. Howard, 10 Q. B. 453; Withers v. Patterson, 27 Texas, 491; Holmes v. Campbell, 12 Minn. 221; Spaulding v. Baldwin, 31 Ind. 376; Evans v. Ashby, 22 Ind. 15; Butcher v. Bank of Brownsville, 2 Kan. 70; Reynolds v. Stansburg, 20 Conn. 344; Rigg v. Cook, 4 Gilm. 336; Voorhees v. Bank of U. S. 10 Pet. 449; Freeman on Judgments, § 124.

That all presumptions are in favor of the validity of judgments of courts of general and superior jurisdiction: Freeman on Judgments, § 124; Withers v. Patterson, 27 Texas, 491; Holmes v. Campbell, 12 Minn. 221; Osgood v. Blackmore, 59 Ill. 261; Bush v. Hanson, 70 Ill. 480; Martin v. Judd, 60 Ill. 78.

That where the appearance of the defendant is entered by an attorney, the Court will presume that the attorney had authority, and in a collateral proceeding such presumption is conclusive: Freeman on Judgments, § 128; Martin v. Judd, 60 Ill. 78; Harshy v. Blackmarr, 20 Iowa, 161; Jackson v. Stewart, 6 Johns. 34; Brown v. Nichols, 42 N. Y. 26; Hamilton v. Wright, 32 N. Y. 502; Proprietors v. Bishop, 2 Vt. 231; Post v. Haight, 1 How. 171; Hillsbury v. Dugan, 9 Ohio, 117; Hays v. Shattuck, 21 Cal. 151; Williams v. Butler, 35 Ill. 544; Osborn v. Bank of U. S. 9 Wheat, 738.

And in the absence of fraud or collusion, the Court will proceed, and leave the party who may be injured by an unauthorized appearance to his remedy by action: Tally v. Reynolds, 1 Ark. 99; State v. Carothers, 1 Greene (Iowa), 464; Beckley v. Newcomb, 24 N. H. 359; Bogardus v. Livingston, 2 Shilt. 236; Conray v. Brenham, 1 La. An. 397; Dobbins v. Dupree, 39 Ga. 394.

Messrs. BROWN & MEERS, Messrs. HILL & DIBELL, Messrs. HAGAR & FLANDERS, Mr. JAMES R. FLANDERS and Mr. GEO. S. HOUSE, for several appellees; contended that a judgment entered when the court had not jurisdiction of the person, is void, and may be attacked in a collateral proceeding; and cited White v. Jones, 38 Ill. 160.

That where a judgment by confession refers to a note and warrant of attorney so that they can be identified, resort may be had to them to determine whether the Court had jurisdiction of the person at the time of rendering judgment: Blackmore v. Osgood, 59 Ill. 261; Chase v. Dana, 44 Ill. 262.

That a judgment prematurely confessed upon a warrant of attorney, is void: Waterman v. Jones, 28 Ill. 54; White v. Jones, 38 Ill. 160.

That the judgment in favor of the People against Michael E. Bannon, for keeping open tippling house, was a lien upon his property, and should be first satisfied: Rev. Stat. 1874, 413, § 453.

In support of cross-errors, that the goods of a tenant taken in execution cannot be distrained, because they are in the custody of the law: Taylor's Land. and Ten. § 594; Coke upon Litt. 47 b.; Rex v. Colton Park, 120; Eaton v. Southby, Willes, 136; Hamilton v. Reedy, 3 McCord, 40.

PILLSBURY, J.    Appeal from Will Circuit Court by Edward Bannon from an order of said Court quashing an execution in his favor against Michael E. Bannon, and setting aside the judgment upon which such execution was issued. In the case of the people against said Michael E. Bannon, the State's attorney of Will county moved the court for a rule upon the sheriff

to show cause why he did not apply moneys in his hands arising from the sale of personal property of the defendant to the payment of the execution in his hands in favor of the people. The rule was entered, and the sheriff, for return thereto, answered that he held several executions against the defendant, Michael E. Bannon, giving date when each was received by him; the second one of which, in point of time, received by him was for $1,837 in favor of appellant Edward Bannon; that from the sale of personal property of said defendant in executions he had realized the sum of $750.65 above costs and expenses, and asked the advice of the court as to the proper distribution thereof, as there were conflicting interests among the several execution creditors.

The several execution creditors were notified of the rule and answer, and they appeared in court and contested the validity of the judgment and execution of the appellant, upon the ground that the same were void, the court having no jurisdiction over the defendant, Michael E. Bannon, at time of rendering the judgment. The court quashed the execution, set aside the judgment as void, and ordered the sheriff to make distribution without regard to the execution of appellant. From this order Edward Bannon appealed. This judgment was entered September 12, 1877, in the Circuit Court of Will county, during the June term.

The proceedings herein were had at the October term of said court. On the hearing, the contesting creditors gave in evidence against the objection of appellant the note and warrant of attorney, declaration, cognovit and judgment in case of Edward Bannon v. Michael E. Bannon. The note bears date September 10, 1877, and due one day after date. The warrant of attorney is of the same date, and empowers James R. Flanders, or any attorney of any court of record, to enter the appearance of defendant, and waive service of process, either in term time or vacation, and confess a judgment in favor of Edward Bannon for the sum named in said note, or for so much as may appear to be due according to the tenor and effect of said note, with interest, costs, and attorney's fees, and to file cognovit for the amount, with agreement waiving errors, etc.

The general principles of the law relative to the validity of judgments depending upon the question of jurisdiction in the court rendering them, are undoubtedly well understood.

Where the court has jurisdiction of the subject matter and of the person, the judgment is binding and conclusive, and cannot be questioned in any collateral proceeding, however erroneous it may be.

On the contrary, if such jurisdiction in either particular be wanting, the judgment is a nullity, and can be attacked by any one affected by it in any and all proceedings, either direct or collateral.

The application of this doctrine of jurisdiction to cases as they arise, is not always as easy as the enunciation of the doctrine itself; indeed an examination of. the authorities will show that frequently it becomes a very difficult question to determine whether the court had or had not jurisdiction in a given case.

It results therefrom that the authorities are not harmonious as to how and when the jurisdiction can be overthrown in a collateral proceeding, yet we think that the doctrine is fully admitted, in our State, at least, that the question of jurisdiction is open to inquiry, collaterally, by any one against whom such judgment is used. Thornton, Justice, speaking for the court, in Haywood v. Collins, 60 Ill. 328, upon this point, says: "That the validity of a judgment may be questioned in a collateral proceeding, has often been decided by this court."

In Goudy v. Hall, 30 Ill. 109, it was decided that the decree of a county court authorizing the sale of land was absolutely void, if the notice required by the statute had not been given, and that its validity might be inquired into when the record was offered in an ejectment suit.

In Miller v. Handy, 40 Ill. 449, the court said: "If there was not jurisdiction to render the judgment offered in evidence in defense, then all the proceedings were *coram non judice*, and they may be attacked collaterally in an action of ejectment."

In Campbell v. McCahan, 41 Ill. 45, it is said that "there must be jurisdiction of both the subject matter and of the person to give validity to judgments, and if jurisdiction is not

acquired the judgment is void, and may be resisted successfully, either in direct or collateral proceeding." To the same effect is the case of White v. Jones, 38 Ill. 160.

In Clark v. Thompson, 47 Ills. 25, it was held that the presumption in favor of the jurisdiction, even of a court of general jurisdiction, may be rebutted in all collateral proceedings; and when there is no finding of the court, the presumption will be that it acted upon the summons and return which do appear in the record.

In Huls v. Buntin, 47 Ill. 396, the suit was ejectment, and the defendant claimed title by virtue of a sale by an administratrix under a decree of court. It was held that "if the Court did not have jurisdiction, the decree was not binding, and could be attacked collaterally."

I have quoted at some length from these cases, to show what construction the Supreme Court placed upon its former opinions, in view of the reliance placed upon the case of Searle v. Galbraith, 73 Ill. 269, by appellant.

A suit in ejectment by Searle, to recover land sold by his conservator under decree of court, had been prosecuted to judgment in favor of Searle. The judgment was set aside under the statute, and pending a second trial Galbraith filed a bill enjoining the ejectment suit, and asking that Sampson, the conservator of Searle, should make and deliver a deed in conformity with the decree and sale. The decree upon which the sale was made recited that the court found that Searle had been ascertained by a jury to be an insane person, according to the statute, and that Sampson had been appointed his conservator. The case states : " That on the hearing below Searle gave evidence tending to show that he was not served with notice of the proceedings in the county court declaring him insane ; and the question arises whether he can be allowed to contradict the findings of the decree, so far as it relates to the appointment of Sampson as his conservator. We do not regard the question as an open one with us, and shall therefore refer to but few authorities. In Fitzgibbon v. Lake, 29 Ill. 165, the record of a guardian's sale was offered in evidence by the defendant in an action of ejectment. It

was urged by the counsel for the appellants, who were plaintiffs in the court below, that there were two testamentary guardians appointed, whereas the record showed but one acting.    The Court said : 'The next objection is, that the petitioner could not alone, without joining the other guardian named in the will, properly institute that proceeding.    Whether the petitioner was the guardian and had authority to institute the proceeding, was for that court to determine when it heard the petition. It decided he was, by granting the order, and we cannot review that decision here.' "

Goudy v. Hall, 30 Ill. 109, and subsequent cases of like character, only hold that the finding of the court on the question of jurisdiction is not conclusive when the record itself shows it is not true.

The distinction between the two classes of cases is clearly pointed out in Osgood v. Blackmore, 59 Ill. 265.    It is there said: "And where the record shows, or the court finds, the jurisdictional fact, the record cannot be contradicted or questioned in a collateral proceeding."

"It is true that if by an inspection of the whole record, it is seen there could not have been jurisdiction of the person, then the *prima facie* case would be overcome.    But where the court has adjudged there was jurisdiction of the person, we cannot look beyond the record or receive evidence outside of it to disprove the finding.    In this respect the question can alone be tried by the record."

We do not understand from this decision that the court intends to or does overrule all the former cases upon this question, of attacking the jurisdiction, but on the contrary upholds them, and sharply draws the distinction between the cases where the court specially finds that it has jurisdiction, and those where there is no such finding.

This case does not hold that the finding itself is absolutely conclusive, but limits the inquiry to an inspection of the whole record, excluding all evidence *dehors* the record to impeach it. To the same effect is the case of Harris v. Lester, 80 Ill. 307; and Barnett v. Wolf, 70 Ill. 76.

The rule deducible from all the authorities upon this point appears to be, that where there is no special finding of the court, the presumption of jurisdiction must be consistent with the record, for the court will be presumed to act upon and acquire jurisdiction from the facts alone as they appear in the record, and if these are insufficient to confer such jurisdiction, the presumption will be overcome and the judgment held void. Clark v. Thompson, 47 Ill. 26; Haywood v. Collins, 60 Ill. 328.

On the contrary, where the court adjudges that it has jurisdiction of the person, it is not enough to destroy it that the record itself is insufficient to support such finding; for it will be presumed that the court heard other evidence not necessary to be preserved in the record, or that it acquired jurisdiction in some other manner than that stated.

In such case, before such finding can be impeached, or the jurisdiction destroyed, the record must show affirmatively that such finding cannot be true. Osgood v. Blackmore, 59 Ill. 261; Miller v. Handy, 40 Ill. 448; Harris v. Lester, 80 Ill. 307; Barnett v. Wolf, 70 Ill. 76.

What, then, constitutes the record into which the court will look to determine the jurisdiction when the judgment is offered in a collateral proceeding?

Upon this point we shall refer to that class of cases only where judgments by confession have been involved and the question raised collaterally, for if we follow the course marked out by our Supreme Court, we shall not go astray.

In White v. Jones, 30 Ill. 162, the action was replevin, and the defendant justified as sheriff under execution issued upon a judgment confessed, the plaintiff in replevin claiming as purchaser from the execution debtor. The note upon which judgment was confessed was made payable upon demand, and it, as also the warrant of attorney, bore date November 20. The warrant of attorney authorized confession of judgment at any time after the date thereof, and judgment was in fact confessed on the same day the warrant was dated. Execution was issued thereon and levy made, upon which replevin was brought. After referring to the fact that the judgment had been reversed

Bannon v. The People.

in a direct proceeding because it was prematurely confessed, the court said: " The confession being unauthorized at the time it was made, the question arises whether it was merely erroneous or absolutely void.    As a rule of general, if not uniform, application, a judgment is void for all purposes, unless the court had jurisdiction of the person of the defendant, and of the subject matter of the suit."

" And jurisdiction is acquired by the actual service of process notifying the party to appear, by constructive notice to appear, as by publication, or by an entry of appearance by himself in person, or by attorney.    In the last case the authority of the attorney to enter his appearance may be contested by the defendant, and if he shows a want of authority it defeats the jurisdiction of the court."    *    *    *    *

" If the court acquired jurisdiction of the defendants it was by an entry of appearance, as there is no pretense of either actual or constructive service.    And it appears from the power of attorney itself, that the attorney had no power to enter their appearance until after the expiration of the day on which the warrant was executed; and there can be no pretense from anything else appearing in this record that there was any other legal authority.    For the want of authority there was no appearance, and consequently no jurisdiction, and the judgment was void, and all subsequent proceedings under it were invalid, and conferred no rights upon the plaintiff in that judgment.    The execution consequently, created no lien upon the goods."

Chase v. Dana, 44 Ill. 262, was ejectment, the defendant claiming title to the premises by a sale under an execution and a judgment confessed by virtue of a warrant of attorney executed by the plaintiff.    The power of attorney, the note, judgment, execution and sheriff's deed, were all read in evidence. The note was described in the power of attorney as bearing date April 24th, 1846, and authorized a confession upon note of that date.    The note upon which the judgment was confessed bore date April 24th, 1856.    The court say:

" In this case the authority was to enter the appearance of the maker and confess judgment upon a note bearing one date,

while the appearance was entered and judgment entered on a note dated ten years afterward. This was manifestly not within the power delegated; and if there was no power to enter the appearance and confess the judgment, it is a nullity, and binds no one, either in a direct or collateral proceeding, but may be attacked at all times, and in all courts, because the court must in some mode have jurisdiction of the defendant, or it cannot act."

In both of of these cases the court held the confessed judgments void, and no question is made that the warrant of attorney was not competent evidence to be considered in determining the jurisdiction of the court over the person of the defendant. It is however insisted that the confessions in these two cases were in vacation, and therefore the jurisdiction should affirmatively appear. The confession in White v. Jones was in vacation, but the case is silent in Chase v. Dana on that point. Even if it were so in regard to those cases, the confession in Osgood v. Blackmore was in term time, and attacked in an action of ejectment, and the same doctrine was held upon a full examination of the note and warrant of attorney; and it is not even intimated that the warrant of attorney was not sufficiently a part of the record to be given in evidence when the question of jurisdiction was in issue. In that case the case of Chase v. Dana was relied upon, and no difference is made between the cases upon the point that one was confessed in term time and the other in vacation. In that case the note was payable in thirty days after written notice, with ten per cent. interest per annum, while the warrant of attorney in other respects described the same note, but said that it was payable with ten per cent. interest after it became due and payable, and it was urged that the note upon which the judgment was rendered was not the one referred to in the power of attorney.

The Supreme Court, after deciding that it sufficiently appeared that it was the same note, held that "had the power of attorney left it clear that the note produced was not, that referred to in the warrant, then the power could not have been exercised."

It was also claimed in that case, that as the record did not

Bannon v. The People.

show that the written notice had been given thirty days before the confession was made, and as there was no finding of the court that such notice had been given, the court could not presume the proof was made.

The court, after again announcing the doctrine that all intendments will be indulged in favor of the jurisdiction of a court of general jurisdiction, and that the presumption is that the proof was made when there is nothing in the record to rebut such presumption, said:

"Had the record stated that no proof was heard as to any notice having been given, then the presumption would have been rebutted. Or had it appeared from the record that the note was not and could not have been due, the record would have shown that the attorney in fact had no power to enter the appearance of the defendants, and having no power, the court would have failed to acquire jurisdiction of the persons of the defendants, and the case would have been like Chase v. Dana *supra*."

When we consider that the objection was made to the introduction of the warrant of attorney on the trial of the ejectment case in the court below, on the specific ground that it was no part of the record of the cause, and that on the appeal the Supreme Court fully examined its provisions for the purpose of determining the question of jurisdiction, and held as the law of the case, that the power could not have been exercised if the warrant of attorney had left it clear that the note introduced was not the one referred to in the warrant, the conclusion is irresistible that this case of Osgood v. Blackmore is a direct adjudication by the highest judicial tribunal in this State, that the warrant of attorney referred to in the judgment order, can be introduced in evidence, in a collateral proceeding as a part of the record for the purpose of overthrowing the jurisdiction of the court.

We have been unable to find a single case in our reports, where the warrant of attorney has been excluded when offered in a collateral proceeding to impeach the judgment upon the ground that it was not competent as being no part of the record; on the contrary it appears to have been treated as the

process by which the court attained jurisdiction of the person of the defendant, and in every instance where the question has thus arisen when the warrant conferred no power to enter the appearance of the defendant, the judgment has been held void. We can see no good reason why the warrant should not be competent evidence upon such question. The attorney who confesses the judgment does so by virtue of a special authority which is presented to the court and filed in the cause, and under its provisions alone he assumes to confer upon the court jurisdiction over the person of the defendant, and when such jurisdiction is in issue, what better or more satisfactory evidence can be adduced than such special authority itself, signed and sealed by the defendant. All the authorities concede that the law gives any party the right to assail the validity of a judgment, for the want of jurisdiction in the Court rendering it, when it is sought to deprive him of any property rights by enforcing such judgments against him; and it would outrage every principle of justice to hold that while the law gave him such right, it at the same time deprived him of all means of enforcing it.

Take the case at bar: These creditors were not parties to the judgment of Edward Bannon v. Michael Bannon; they could not except to the ruling of the court in entering the judgment upon this warrant of attorney and incorporate it in the record by tendering a bill of exceptions. But suppose it was preserved by bill of exceptions. We are aware of no rule of evidence that would make a bill of exceptions competent evidence in a collateral proceeding between different parties when the subject matter of the bill would not otherwise be admissible. Would the certificate of the judge that the warrant was the one upon which the judgment was confessed, give it any greater weight or vitality as evidence, than it would have if properly identified by any other competent evidence?

The cases of Magher v. Howe, 12 Ill. 379, and Waterman v. Caton, 55 Ill. 94, do hold, as claimed by appellant, that the warrant of attorney is no part of the record. These, however, were direct proceedings to reverse upon error judgments entered by confession, where the defendant himself was in a

position to file a bill of exceptions, and if these cases are to stand as authority in harmony with the other cases referred to, then the rule there announced must be limited to direct proceedings by appeal or writ of error. In no other way can they be harmonized with Osgood v. Blackmore and Chase v. Dana.

We do not understand the judgment order in evidence in this case contains any special finding of jurisdiction. It merely recites the facts upon which the jurisdiction is based; the filing of the declaration and warrant of attorney reciting that it authorizes any attorney of any court of record to appear in that court and waive service of process and confess judgment for the amount due upon the note annexed to the warrant; and the filing of the cognovit by D. P. Hendricks, confessing judgment upon the note declared on. The finding of the court is, that the authority of the attorney was limited to a confession of what should be due upon the note, and is consistent with the warrant.

There being no finding by the court that it had jurisdiction of the person of the defendant, and no pretense that the attorney had any other or different authority, the presumption must be that the court acted upon the warrant of attorney referred to in the judgment. Clark v. Thompson, 47 Ill. 26; Haywood v. Collins, 60 Ill. 328; Swearengen v. Gulick, 67 Ill. 208.

The warrant of attorney bears date September 10th, 1877, and describes the note as of even date and due one day after the date thereof; the declaration declares upon the same note; the cognovit confesses judgment upon the note described in the declaration, and the judgment order recites that the authority to confess the judgment was limited to the amount due upon the note described in the warrant of attorney and declaration. This judgment was confessed September 12, 1877, consequently the note was not due, as it was entitled to days of grace. Arnold v. Stock, 81 Ill. 407.

If this record, then, upon its face, does not show that the court could not have acquired jurisdiction of the person, I shall never expect to find one that cannot stand the test. If it does appear therefrom that the note could not have been due, then, in the language of Walker, J. in Osgood v. Blackmore, the

record does show that the attorney in fact had no power to enter the appearance of defendants, and having no power, the court failed to acquire jurisdiction of the person of the defendant, and the case is like Chase v. Dana, *supra*.

Our opinion, therefore, is that the court below decided correctly in refusing to allow the execution of appellant to share in the distribution of the funds in hands of the sheriff.

The general power of attorney from appellant to Hendricks, of date of September 1st, 1877, cannot avail to sustain the jurisdiction of the Court. It was not by virtue of that authority that the appearance of appellant was entered, neither was it presented to the court for such purpose, nor does it purport to confer any authority to confess judgment.

We think so far as the questions arising upon the assignment of errors are concerned, that the court committed no error in the rule for distribution.

The court, however, erred in setting aside the judgment after the lapse of a term, when the parties to the judgment, were satisfied with it and did not solicit the action of the court in that regard.

The order of the court vacating the judgment must be reversed, but will be affirmed in all other respects.

Order reversed in part.