(*Circuit Court of Cook County. In Chancery.*)

## People ex rel. Lindauer

### vs.

### Prendergast.

(December 15, 1888.)

1. COUNTY COURT NOT INFERIOR COURT. The county court as to the subject matters committed to its charge by the constitution and general assembly is not an "inferior court" in the technical sense in which that term is used.

2. PROHIBITION AGAINST COUNTY COURT. The county court is not such an "inferior court" as a court to which the circuit court could issue its writ of prohibition.

3. PROHIBITION—MATTER OF DOUBT. Where the court has any doubt whatever as to its own jurisdiction over the county court that is sufficient cause of itself for the denial of the writ of prohibition.

4. PROHIBITION—APPEALS FROM COUNTY COURT. The fact that the appellate court has appellate jurisdiction over the county court, while the appellate jurisdiction of the circuit court over the county court is doubtful, is a sufficient reason for refusing the writ of prohibition.

5. Prohibition—Effect of Right of Appeal. In a case where the right of appeal or writ of error exists, the writ of prohibition is not a writ of right *ex debito justitiae,* but it issues *ex gratia* resting in the sound legal discretion of the court and depending upon the circumstances of each particular case.

6. Prohibition—When Writ Issues. The writ of prohibition should never issue except in a clear case of usurpation of jurisdiction, and then only in case of extreme necessity.

Petition for a writ of prohibition. Circuit court of Cook county, Gen. No. 69976. Heard before Judges Murray F. Tuley and Oliver H. Horton, *en banc.*

Statement of facts.

This is a petition filed on December 3, 1888, for a writ of prohibition directed against the Hon. Richard Prendergast, county judge of Cook county to restrain him from proceeding with the case of In re Lindauer Bros. & Co., debtors in voluntary assignment, then pending before him, on the ground that as county judge he had no jurisdiction to proceed in the matters pending in the case, in view of the decisions of the appellate courts of this state in reference to the jurisdiction of the county court in such matters, and also on the ground that no appeal would lie from purely administrative orders in parceling out the estate of the assignors, and that an appeal could be taken only from final orders. The petition was verified and accompanied by a copy of the record of the proceedings of the county court. Thereupon the court granted a rule against Richard Prendergast as county judge to show cause why the writ of prohibition should not issue.

An answer to this petition was filed on December 4, 1888, setting up that the county court was not an inferior court to the circuit court, and that an appeal would lie to the appellate court from an erroneous order of the county court, and also setting up the merits of the case solely in reply to the statement of merits alleged by the answer to be wrongfully inserted in the petition on the ground that the court in this proceeding was not concerned with the merits, but solely with the question of jurisdiction.

On December 8, 1888, the plaintiffs filed a supplemental petition setting up further proceedings before the county judge.

and an answer to this supplemental petition was filed on December 11, 1888.

*Moses & Newman,* for petitioner.

*Kraus, Mayer & Stein,* for respondent.

TULEY, J.:—

The court will not attempt a review of the many authorities or any discussion of the questions involved, but will merely announce its conclusions upon some of the points which will be sufficient, however, to dispose of this litigation. The conclusions arrived at, I am authorized to state, are fully concurred in by my brother Horton, who has also heard this case argued.

First. The court is inclined to the opinion that the county court as to the subject matters committed to its charge by the constitution and the general assembly, in pursuance thereof, is not an "inferior court," in the technical sense in which that term is used, as a court to which the circuit court could issue its writ of prohibition. See: Constitution 1870, sec. 1, art. 6; *Propst v. Meadows,* 13 Ill. 157, approved in *Barnett v. Wolf,* 70 Ill. 76, and *Bostwick v. Skinner,* 80 Ill. 147. The subject matter of the voluntary assignment made for the benefit of creditor or creditors, is one of the subject matters committed to the exclusive jurisdiction of the county court. Rev. Stat., chap. 72.

The phrase "inclined to the opinion" is used. For this court to have any doubt whatever as to its own jurisdiction over the county court in the matter at bar, is sufficient cause of itself for the court to deny the writ.

Second. The general assembly, by the act of 1887, has given the appellate court appellate jurisdiction over the county court, while the appellate jurisdiction of the circuit court over the county court is at least doubtful. I am of the opinion that in the exercise of a sound legal discretion, that fact is a sufficient reason for refusing the writ of prohibition.

Third. Even if the jurisdiction of this court to issue the writ to the county court in the case at bar was clear and un-

doubted, yet I am of the opinion that this is another good and sufficient reason why it should not issue.

Under the authorities cited, I am satisfied that in a case where there exists the right of appeal or writ of error, as here, the writ of prohibition is not a writ of right *ex debito justitiae,* but that it issues *ex gratia,* resting in the sound legal discretion of the court and depending upon the circumstances of each particular case. It should never issue except in a clear case of usurpation of jurisdiction, and then only in case of extreme necessity.

The fact that the parties involved in this controversy have voluntarily placed themselves and the property in dispute within the jurisdiction of this court (upon the chancery side thereof), and this court having ample power to protect the same against any usurpation of power or jurisdiction of the county court, if any there should be, is of itself sufficient reason, in the exercise of a sound legal discretion, to refuse the granting of the writ of prohibition. In other words,—no extreme necessity exists which would justify the issuance of the writ.

Fourth. Lastly,—this court cannot assume that on hearing all the evidence and fully investigating the facts, the county court, in the matter there depending, will hold that there has been a voluntary assignment which authorizes it to proceed to final judgment, but if it does, it is to be expected that the two courts will take such steps as may be necessary to conserve this large property for the benefit of those entitled to it, and as will prevent any conflict between the two courts. Also that some arrangement can be made by which the question of jurisdiction as between the courts (if any arises) may be determined by the supreme court of the state at the earliest possible moment.

The rule to show cause will be discharged at the costs of the relator.