## William S. Reed v. Bank of Eau Claire.

### Gen. No. 13,332.

1. SCIRE FACIAS TO REVIVE JUDGMENT—*when plea in, insufficient.* A plea interposed in an action to revive a judgment is bad on demurrer if it is predicated upon an averment against the record made the basis of the action.

2. SCIRE FACIAS TO REVIVE JUDGMENT—*when presumption of regularity of judgment prevails.* Where the judgment upon which the proceeding is predicated is not contained in the bill of exceptions, it will be presumed that the record was regular and that it showed service upon the defendant.

3. SCIRE FACIAS TO REVIVE JUDGMENT—*how issue in, tried.* The defendant in a proceeding by *scire facias* to revive a judgment is not entitled to a trial by jury where the only issue presented is to be determined by the record alone.

4. SCIRE FACIAS TO REVIVE JUDGMENT—*when form of judgment in, sufficient.* In a proceeding by *scire facias* to revive a judgment, the judgment to be entered should be simply "that the plaintiff have execution for the judgment mentioned in the said *scire facias* and costs," and a judgment which is in effect this, is sufficient.

*Scire facias* to revive judgment. Appeal from the Circuit Court of Cook County; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed October 4, 1907.

CHARLES F. DAVIES and SOL ROSENBLATT, for appellant.

ISHAM, LINCOLN & BEALE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

A writ of *scire facias* was issued to revive a judgment entered in the Circuit Court April 30, 1894, for $1,162.08 and costs in favor of appellee against appellant. The defendant pleaded, first, *nul tiel* record; second, that the court had no jurisdiction over the defendant, and that the sup-

Reed v. Bank of Eau Claire.

posed judgment is therefore void; and third, that the defendant was never served with process in the said supposed action in the writ mentioned in which said alleged judgment was rendered, and the supposed return on said process is incorrect and untrue, and said alleged judgment is therefore wholly null and void. Replications joining issues on the first and second pleas were filed. A demurrer was filed to the third plea and, upon consideration by the court, it was sustained. The defendant elected to stand by his third plea.

When the issues formed came on for trial, the defendant moved that the cause be submitted for trial to a jury to be selected, and the court sustained an objection made by counsel for plaintiff, holding that the only issues made by the pleadings must be tried and determined from an inspection of the records of the court, and proceeded to hear and determine the cause without a jury.

The plaintiff offered in evidence the judgment docket of the Circuit Court, and the record showing the entry of the judgment in cause No. 122,844 in that court on April 30, 1894, for $1,162.08 and costs, being the judgment described in the writ of *scire facias,* and asked for an order reviving the judgment.

The defendant objected to the introduction of the records upon the ground that no foundation had been laid therefor by testimony identifying the records. The court overruled the objection and admitted the records in evidence.

No further evidence being offered by either party the court ordered that the judgment be revived against the defendant.

Motions of the defendant for a new trial and in arrest of judgment were overruled and exceptions to the rulings were preserved. Errors are assigned by appellant upon the sustaining of the demurrer to appellant's third plea, the denial of appellant's motion to have the issues tried by a jury, the admission of the records in evidence and the form of the judgment.

In Barnett v. Wolf, 70 Ill., 76, and Harris v. Lester *et al.,*

80 Ill., 307, it was held that the record of a court of general jurisdiction can never be contradicted, varied or explained by evidence beyond or outside of the record itself. The record must be tried and construed by itself. "A judicial record contains evidence of its own validity, and should testimony *dehors* the record itself be admitted to contradict or vary its recitals it would render such records of no avail, and definitive sentences would afford but slight protection to the rights of parties once solemnly adjudicated." Harris v Lester *et al., supra.* This is a collateral proceeding, and it is well understood that an averment against the record in such a proceeding at law is inadmissible. Harrison v. Hart, *supra.*

Moreover, the record before us shows that the original record of the judgment was introduced in evidence, but that record is not incorporated or preserved in the bill of exceptions in this cause. We must therefore presume that the judgment record was regular and that it showed service upon the defendant. In our opinion the court did not err in sustaining the demurrer to the third plea of appellant.

Appellant contends that he was deprived of his constitutional right of trial by jury. This contention cannot be sustained. The only issue raised by appellant's first plea was that of *nul tiel* record. If the second plea was a good plea in this proceeding, which we greatly doubt, no evidence was offered under it. The only issue presented by it, as we have already seen, would have to be tried by the record alone. So that the only issue raised by these pleas was that of *nul tiel* record. At common law when the pleadings presented that issue it was tried by the court by an inspection of its record, and no jury trial was permitted. Our constitution provides that the right of trial by jury "as heretofore enjoyed" shall remain inviolate. Appellant had no right to a trial by jury upon the issues presented.

"There is nothing in the objection taken that no proof was made that the records introduced in evidence on the trial of the issue under the plea of *nul tiel* record were the records of the court. They were the court's own records,

of which the court will take judicial notice." Hangsleben v. The People, 89 Ill., 164, 170.

Appellant objected to the form of the order reviving the judgment, claiming that the order should have been one simply reviving the judgment and ordering execution as of the date of the order. In Freeman on Judgments, volume 2, section 442, it is said: "And finally, the judgment entered on the *scire facias* is simply 'that the plaintiff have execution for the judgment mentioned in the said *scire facias* & costs.'" This is the effect of the order entered.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*