# HENRY A. SALE

*v.*

## ANDERSON Y. FIKE.

1. DECREE *upon constructive service—only provisional.* When a defendant has been brought into court, only by constructive service, and has received no written notice of the existence of a decree against him, as authorized by statute, such decree is, for the period of three years, simply provisional, and subject to be opened on petition.

2. SAME—*when becomes final in fact.* Although such decree is final in form, it does not become so in·fact, and conclude the parties, until the lapse of three years.

3. SAME—*writ of error—five years within which to prosecute after a decree becomes final.* And in such case, a defendant who has received no actual

notice of the pendency of the suit, or of the existence of such decree against him, has, from the time it thus becomes final, five years within which to prosecute his writ of error.

4. SAME—*writ of error—when barred.* So, in such case, a writ of error is not barred until after the expiration of eight years from the time of the rendition of the decree.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Messrs. SNYDER & HORNER, for the plaintiff in error.

Mr. WILLIAM H. UNDERWOOD, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a writ of error to the circuit court of St. Clair county, bearing date May 22, 1869. The decree sought to be reversed was rendered by that court, on the twenty-fifth of March, 1864, against the plaintiff in error, who had received constructive notice only, by publication in a newspaper.

To the writ of error, the defendant in error pleaded the statute of limitations—that the writ of error did not issue within five years next after the entry of the decree.

To this the plaintiff in error replied, that the decree entered on the twenty-fifth of March, 1864, was interlocutory merely, and that no final decree was entered until the October term, 1865.

The defendant in error demurred to the replication, which being overruled, he then rejoined that the decree of March, 1864, was a final decree.

This point raises the question decided by this court in *Lyon* v. *Robbins,* 46 Ill. 276. In this case, as in that, the defendant to the bill in chancery, the plaintiff in error here, was brought in by publication only, no service of process upon him having

been made.   It was there held, where a defendant in chancery has been brought into court only by constructive service, and has received no written notice of the existence of a decree against him, as authorized by statute, such decree is, for the period of three years, simply provisional,. and subject to be opened on petition; that, although such decree is final in form, it does not become so in fact, and conclude the parties, until the lapse of three years, and such defendant has, from the time it thus becomes final, five years within which to prosecute his writ of error.

It will thus be seen, in such cases, and this is one of them, a writ of error is not barred until after the expiration of eight years.

The same views were held and expressed in the case of *The Southern Bank of St. Louis* v. *Humphreys et al.* 47 Ill. 227.

Had the defendant been personally served, the decree would be considered as final, from which an appeal or writ of error could be prosecuted.

The plea in this case being an admission of the errors assigned, and not sustained, the decree must be reversed and the cause remanded.

*Decree reversed.*