JOHN C. HARTUNG

v.

LOUISE HARTUNG.

1. SERVICE BY PUBLICATION—SUFFICIENCY OF AFFIDAVIT.—To give the court jurisdiction in chancery proceedings so that a personal decree may be rendered against an absent defendant, there should be a compliance with the statute in respect to the affidavit required. The affidavit should aver in the language of the statute that upon diligent inquiry the place of residence of the defendant could not be ascertained, or it should give such facts as will show that diligent inquiry had been made, and that upon such inquiry the defendant could not be found.

2. AFFIDAVITS JURISDICTIONAL.—Where an affidavit of the non-residence of a defendant fails to comply with the statute, the court acquires no jurisdiction over the person of the defendant, and a decree rendered against him is void.

Hartung v. Hartung.

ERROR to the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.  Opinion filed January 18, 1881.

Mr. IRA M. MOORE, for plaintiff in error; that the decree is void for want of proper service upon the defendant, cited Pennerger v. Neff, 5 Otto, 714; Abbott v. Sheppard, 44 Mo. 273; Webster v. Reid, 11 How. 459; Hollingsworth v. Barbour, 4 Pet. 475; Leslie v. Fischer, 62 Ill. 118; Cooper v. Reynolds, 10 Wall. 308; Picquit v. Swan, 5 Mason 35; Bliss v. Heasty, 61 Ill. 338; Kilburn v. Woodworth, 5 Johns. 37; Robinson v. Ward, 8 Johns. 86; Jones v. Spencer, 15 Wis. 583; Manchester v. McKee, 4 Gilm. 511; Conn v. Caldwell, 1 Gilm. 531; Buckmaster v. Grundy, 3 Gilm. 626; Miere v. Brush, 3 Scam. 21; Thurber v. Blackbourne, 1 N. H. 245; Eaton v. Badger, 23 N. H. 228; Minton v. Taylor, 28 Mo. 82; Smith v. McCutchen, 38 Mo. 415; Cooper v. Smith, 25 Iowa, 269; Dawance v. Preston, 18 Ia. 396; Vescher v. Vescher, 12 Barb. 647; Borden v. Fitch, 15 Johns. 121; McGeffert v. McGeffert, 31 Barb. 69; Maguire v. Maguire, 7 Dana 181; Hill v. Hill, 28 Barb. 23; Lyon v. Lyon, 2 Gray 367; Hull v. Hull, 2 Strobh. 174.

The summons or advertisement should appear in the record, so that the court may determine whether the statute has been complied with or not:  Randall v. Sanger, 16 Ill. 27; Vairin v. Edmonson, 5 Gilm. 270; Townsend v. Townsend, 21 Ill. 540; Herdman v. Short, 18 Ill. 59.

Mr. J. C. THOMPSON, for defendant in error; that the circuit court is a court of general jurisdiction, and all presumptions are in favor of its jurisdiction, cited Isett v. Stuart, 80 Ill. 404; F. & M. Ins. Co. v. Buckles, 49 Ill. 482; Wallace v. Cox, 71 Ill. 548; Kerr v. Stransberger, 71 Ill. 303.

The decree shows that service was duly had in pursuance of the statute:  Pierce v. Carleton, 12 Ill. 358.

DAVIS, J.  To obtain a reasonable support and maintenance, defendant in error commenced this suit in equity.  Her hus-

band having left the State, and being unable to obtain personal service upon him, she filed with her bill the following affidavit:

"State of Illinois, } ss.
   Adams county,

"Personally appeared before me, the undersigned, one Louisa Hartung, who, on her oath, after being duly sworn, deposes and says that she is the complainant in the foregoing bill of complaint, and that she has heard the same carefully read over to her, and that the matters and things therein stated are true in substance and in fact; and affiant further says that John C. Hartung, defendant in said bill of complaint, is not now a resident of this State; that he left his home and the State of Illinois in the month of June, A. D. 1878, and has never returned to the same from that time to the present; that affiant has no knowledge of the whereabouts of said John C. Hartung, except what one Anton Binkert informed her. Said Binkert informed affiant that said defendant had gone to the Hot Springs, in the State of Arkansas, as said John C. Hartung had informed him; and further this affiant saith not.

"Louise Hartung."

The only question we deem necessary to pass upon in this case is, whether the foregoing affidavit is a sufficient compliance with the statute to give jurisdiction to the court below over the person of the plaintiff in error, to justify any decree being rendered against him.

The statute which authorizes publication to be made against non-resident or absent defendants in chancery proceedings, provides that "Whenever any complainant or his attorney shall file in the office of the clerk of the court in which his suit is pending, an affidavit showing that any defendant resides or hath gone out of this State, or on due inquiry cannot be found, or is concealed within this State so that process cannot be served upon him, and stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper printed in his county."
\*     \*     \*     Revised Statutes of 1877, page 185.

The affidavit under consideration is fatally defective. To comply with the requirements of the statute, the affidavit should aver in the language of the statute, "that upon diligent inquiry the place of residence of the defendant could not be ascertained;" or it should give the facts connected with the inquiry, so that the court could readily determine that diligent inquiry had been made by the affiant, and that upon such inquiry the residence of the defendant could not be ascertained.

In this affidavit no averment in the language of the statute appears, and no facts are given which show that any inquiry whatever was made by the affiant to ascertain the residence of her husband. The single fact stated, that at one time one person had informed her that her husband had informed him that he had gone to the Hot Springs, in Arkansas, is not sufficient. Whether the information imparted by the husband to the informant of affiant was imparted shortly after he left Illinois, in the month of June, 1878, or shortly before the affidavit was made, or when, does not appear.

The facts stated to show diligent inquiry should clearly show on the face of the affidavit that the inquiry was diligently made, and that the residence of the defendant could not be ascertained.

In this case, the "diligent inquiry" contemplated by the statute would require the defendant in error to make inquiries of her neighbors and others, who would probably be informed as to where her husband resided or could be found, and if, on such inquiries, she learned that on leaving Illinois he had gone to Hot Springs, she should have prosecuted her inquiries in that direction, and if she then learned that he had left that place for some other place unknown, or had never lived there, she could truly make the affidavit required, "that upon diligent inquiry his place of residence could not be ascertained."

As her affidavit failed to comply with the requirements of the statute, the court below acquired no jurisdiction over the person of the plaintiff in error, and the decree rendered against him is void. Campbell et al. v. McCahan et al. 41 Ill. 45; Reitz et al. v. The People, 77 Ill. 518.

Reversed and remanded.