## CONSTANTINE MALAER, IMPLEADED, ETC.,
### v.
## C. N. DAMRON.

*Mortgages—Foreclosure— Limitations—Affidavit of Non-residence— Notice by Publication—Certificate of Mailing—Evidence—U. S. Postal Guide—Judicial Notice—Sale " En Masse."*

1. An affidavit of non-residence which states that the residence of a certain person is "unknown," without the further averment that "upon diligent inquiry his place of residence can not be ascertained," is bad.

2. As regards the place named therein. it will be enough in such case if complainant is enabled to state upon oath in consequence of information sought and obtained, that he believed the place of residence of defendant to be the place so named.

3. While the U. S. Postal Guide is competent to prove the fact that a post office is, or is not, established at a certain place, courts will not judicially notice such fact, and such guide must be introduced in evidence to prove whatever may be contended.

4. A joint writ of error should be dismissed where less than the full number of co-plaintiffs named therein can alone maintain such writ.

5. Upon writ of error asking for the reversal of a decree of foreclosure under a mortgage, and that the sale of property and deed thereof to purchaser be set aside, it is *held:* That all the defendants personally served with process were barred by the statute from suing out such writ after five years from the date of entering the decree; that those served by publication might do so within eight years therefrom; that the trial court had jurisdiction of two of the non-resident defendants; that the decree *pro confesso* as to them was properly entered; that the sale by the master of the lands *en masse*, after an ineffectual attempt to sell them in severalty, can not be complained of; and that a decree against all the defendants for the amount due was properly rendered.

Malaer v. Damron.

[Opinion filed November 1, 1889.]

. IN ERROR to the Circuit Court of Johnson County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

Plaintiffs in error bring up for review the record of proceedings in chancery to foreclose a mortgage, and ask for a reversal of the decree, and that the sale of the mortgaged premises and deed to the purchaser be set aside. Damron, on September 20, 1883, filed his bill in the court below to foreclose this mortgage, which was executed by John Farrar to secure his note given to complainant. Farrar, his wife, Kingman & Co., John R. Little, Robert L. McKean and plaintiffs in error, were made defendants ; all of the defendants except plaintiffs in error were personally served with process, and as to the latter an affidavit of non-residence was filed, a publication of notice made, and certificate of mailing copy by the clerk was filed, and these were relied on to establish jurisdiction of their persons.

The affidavit alleges that Alexander Hudg'ns, Constantine Malaer and Mahala Springs, defendants, reside, or have gone out of this State, and on due inquiry can not be found, so that process can not be served upon them; that the place of residence of defendants, Constantine Malaer and Mahala Springs, is, as affiant is informed and believes, Segual, State of Texas, and that the place of residence of the said Alexander Hudgins is unknown. The clerk's certificate shows that he sent in proper time by mail, postage prepaid, a true copy of the published notice to Constantine Malaer and Mahala Springs, defendants, at Segual, Texas. None of the defendants appeared; all were defaulted. The cause was heard upon the bill confessed, master's report on proof and testimony of witnesses in open court. The final decree for foreclosure was entered November 19, 1883, and this writ of error was sued out January 30, 1889.

. Messrs. CLEMENS & WARDER for plaintiffs in error.

Messrs. VICKERS & GILLESPIE and H. M. RIDENHOWER, for defendants in error.

GREEN, J.   All the defendants who were personally served
with process are barred by the statute from suing out a writ
of error after the lapse of five years from the date of enter-
ing the decree.   Plaintiffs in error brought into court by
constructive service occupy a different position; the decree as
to them is, for three years after its rendition, simply pro-
visional and subject to be opened by petition; as to them a
writ of error to bring up these proceedings is not barred until
after the expiration of eight years from the date of entering
final decree.   Southern Bank, St Louis, v. Humphreys, 47 Ill.
227; Sale v. Fike, 54 Ill. 292.   The main controversy in
this case is concerning the sufficiency of the affidavit of non-
residence, to authorize publication of notice to these non-resi-
dent defendants, and the sufficiency of the clerk's certificate
of mailing notice.   The affidavit was defective and insufficient
as to Hudgins; it is merely stated therein "his place of resi-
dence is unknown," and omits the further necessary averment,
" that upon diligent inquiry his place of residence can not be
ascertained."   Hartung v. Hartung, 8 Ill. App. 156.   As to
Malaer and Springs, the affidavit is said to be defective be-
cause their place of residence is given on *information and
belief*, and because "*place of residence*" means "*post office
address*," and this court will take judicial notice of the con-
tents of a postal guide, and thereby see and determine that at
time of mailing copy of notice to these defendants, there was
no such post office as Segual, Texas, and hence mailing such
copy to them there was of no effect as a notice.   We do not
regard the affidavit as defective.

If the complainant sought and obtained such information
as enabled him to state upon oath he believed the place of
residence of defendants to be the place named in the affidavit,
that was sufficient : Hannas v. Hannas, 110 Ill. 53; and con-
ceding the postal guide published by authority of the govern-
ment to be competent evidence for the purpose of proving
the fact that a post office is, or is not, established at a certain
place—and that, we think, is the utmost that can be legally
insisted on—it does not follow that courts will judicially notice
such fact, and unless the guide be introduced to prove it, it

will not be presumed to exist, and we do not find authority supporting this contention of plaintiff in error in the authorities cited. In addition to the facts certified to of mailing copy of notice to the place named in the affidavit as the residence of these defendants, the decree recites that the clerk had mailed such copy to Constantine Malaer and Mahala Springs *at their place of residence,* and finds the court had jurisdiction of the parties. We think they were properly in court and the statute was complied with in respect of all the steps required to be taken in order to charge these defendants with notice of the pendency of the suit, and bring them within the jurisdiction of the court. Hannas v. Hannas, *supra.* If this conclusion is correct, Malaer and Springs being properly in court, and having made default, the decree *pro confesso* as to them was properly entered, and the other objections urged to the decree and sale thereunder are not tenable. One is that the court erred in rendering the decree for the amount due on Farrar's note against any of the defendants save the maker, and ordering that they (all the defendants) pay the same in thirty days. This is not a decree against these defendants personally for a debt, but an order subjecting the land to sale, if that sum is not paid within thirty days, if the defendants or either of them had any interest in the land, to the extent of that interest, and no further did the decree affect them. Gochenour v. Mowry, 33 Ill. 331 ; Glover et al. v. Benjamin, 73 Ill. 43. The other objection necessary to be noticed is, that the master sold the premises "*en masse.*" In Bozarth v. Largent, ad. sheets No. 1 of 128 Ill. 106, the same objection was made and it is there said : " If this be conceded it would not render the sale void; at most it would only be grounds for setting the sale aside on proper application to the court in apt time ; it, however, appears that the land was offered by the master in separate parcels and receiving no bids therefor, it was then offered and sold '*en masse;*' we are not prepared to say the action of the master was not warranted."

In this case the master states that said lands having been first offered for sale in separate tracts, and there being no bid

therefor in that manner, the whole of said lands was offered "*en masse*" and sold; on the authority of the above case the objection ought not to be sustained. Inasmuch as Malaer and Springs can not maintain this writ of error, it must be dismissed, being a joint writ, notwithstanding Hudgins, the co-plaintiff in error, might on his part maintain a several writ. Moore v. Capps, 4 Gilm. 315. If he had, and still has, any interest in the mortgaged premises, he has ample time within the period of limitation to sue out a writ of error on his own behalf, and if successful could have the decree complained of reversed as to himself, and be let in to establish his rights or interests, if any, in the land, upon a new hearing of the cause. The rule is laid down by our Supreme Court that in this class of cases a reversal in part is proper. Where two heirs sued out a writ of error to reverse a decree for specific performance, the court say each became seized on the death of the ancestor of an undivided estate, which he could dispose of without the assent of the other tenants in common. Under the decree he could relieve himself from all responsibility by a conveyance of his interest to complainant; thus, as respects himself, fully satisfy the decree and at the same time leave it in full force as to his co-defendants. The decree, though in form joint against the heirs, is in fact but a several decree against each; it operates only on the separate estate of each; the decree should only be reversed as to the plaintiffs in error. Enos v. Capps, 12 Ill. 255; Moore v. Capps, *supra.* We apprehend the only interest Hudgins could have which the decree affects would be in the land mortgaged, hence would be within the operation of the rule above stated. The writ of error is dismissed without prejudice as to Hudgins.