### Helena F. Spalding v. Peter Fahrney.

1. FORECLOSURE—*Insufficient Affidavit for Publication of Notice.*—
An affidavit for publication of notice which does not state that any
inquiry has been made to ascertain the place of residence of the defend-
ant, is insufficient to warrant a publication of notice.

2. SAME—*Insufficient Certificate of Publication.*—A certificate of
publication which recites that the newspaper in which the notice was
published was " a weekly newspaper published at Waukegan, Illinois,"
but fails to state that the newspaper was of general circulation in that
county, is insufficient in law to give the court jurisdiction of the
defendant.

Bill to Foreclose a Mortgage.—Error to the Circuit Court of Lake
County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in

this court at the April term, 1903.    Reversed and remanded.    Opinion filed June 8, 1903.

F. WILLIAM KRAFT, attorney for plaintiff in error.

HENRY C. NOYES, attorney for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a writ of error to review the proceedings in a suit to foreclose a mortgage, given by Helena F. Spalding, the plaintiff in error, to Peter Fahrney, defendant in error, dated June 13, 1900, to secure the payment of the sum of $6,000, with six per cent semi-annual interest, wherein there was a decree of foreclosure and a sale of the premises to defendant in error. No personal service was had upon plaintiff in error, the only service relied on being by publication in chancery, as authorized by the act regulating chancery practice. Plaintiff in error never appeared in the court below, and she now insists that the court never acquired jurisdiction of her, for the reasons (1) that the affidavit for publication is insufficient, and (2) that the publication of the notice to the defendant below does not appear to have been made in accordance with the provisions of the statute. The body of the affidavit referred to is as follows:

" Henry C. Noyes, being duly sworn, deposes and says that he is the solicitor for the complainant herein and that Helena F. Spalding on due inquiry can not be found and that the place of residence of said defendant can not be ascertained and that due diligence has been made to ascertain the residence of the said Helena F. Spalding deponent sayeth not."

In this affidavit there are no punctuations after the word "sworn" until the period at the end of the sentence. The words "deponent sayeth not" qualify and negative at least the statement immediately preceding them, that due diligence had been made to ascertain the residence of the said defendant, if not other parts of the affidavit. No doubt a mistake of some kind was made in the wording of this affidavit, or something was omitted that the affiant

intended to insert, but the sufficiency of the affidavit can not rest in the intention of the affiant. Jurisdiction must be founded upon the language used in the affidavit; but even if we were to hold that the final words did not negative the preceding part, the affidavit before us could not be considered sufficient. Before publication can be legally had, an affidavit must be filed, stating not only that the defendant on due inquiry can not be found, but also stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence can not be ascertained. Reedy v. Camfield, 159 Ill. 254; Malaer v. Damron, 31 Ill. App. 572. This affidavit does not state that any inquiry has been made to ascertain the place of residence of the defendant. While the statute allows the affiant to form his own judgment of what is diligent, he must state the affirmative fact that diligent inquiry was made. The affidavit states that due diligence has been made to ascertain the residence of defendant, but whether that was by inquiry or whether something else than an inquiry was deemed by the affiant to be due diligence, we can not know from the affidavit. The affidavit filed in the case was therefore insufficient to warrant the publication.

The act of June 11, 1897, to regulate service by publication in courts of record, which was in force at the time publication was made in this case, requires that the notice shall be published "in some newspaper of general circulation in the county in which such suit may be brought." The certificate of publication in this case states that this newspaper was "a weekly newspaper published at Waukegan, Lake county, Illinois," but fails to state that the newspaper was of general circulation in that county. In the case of Hereford v. The People, 197 Ill. 222, where a similar omission occurred in the certificate of publication, it was held that the defect was cured by the order of the court below upon the default entered in the case. It was said in the course of the opinion of the Supreme Court, "in this order it is recited by the court that the notice of publication was in due and regular form and that it was published according

to law.   Every presumption is indulged in to sustain the regularity of court proceedings, until the contrary appears. Here, the action of the court in holding the publication of the notice to be sufficient and regular, will be presumed to have been warranted by the evidence, nothing appearing to the contrary."   The order of default in the present case recites, " it appearing to the court that the defendant herein has been duly notified of the pendency of this cause by the publication of notice in due form of law, once in each week for four successive weeks and more in the Waukegan Weekly Sun, a public newspaper printed and published in the city of Waukegan in said county of Lake," etc.   The order states that the defendant was notified "by publication of notice in due form of law," but it proceeds to state how that publication was made, and like the certificate, fails to show that it was published in a newspaper of general circulation in the county.   The finding in this order differs from that made in the case of Reedy v. Camfield, *supra,* where it was recited not only that the publication was in due and regular form, but also, "that it was published according to law."   Had the order of the Circuit Court in this case contained, in addition to the statement that the notice was in due form of law, the further statement that it was published according to law, as in the case last above mentioned, the defect in the certificate would have been cured and the presumption would be that the publication was made in a newspaper of general circulation in the county, as required by the statute.   But as the order fails to make such further statement, we are of opinion that the record fails to show that publication was made in a newspaper of general circulation in the county, as required by law, and that it was therefore insufficient in law to give the court jurisdiction of the defendant.   It follows that all the proceedings in the court below are without authority of law, and should be set aside.

Plaintiff in error presents other objections, of some merit, to the decree, but as they are such as are not likely to occur again it is unnecessary to consider them here.   The

order confirming the sale of the premises in question to defendant in error, and the decree of foreclosure, are reversed and the cause remanded.