Robert J. Anderson (Now Deceased), Plaintiff, v. Annie Anderson, Appellee.
Appeal of Martin J. O'Brien, Administrator, and Mabel Rothus, Appellants.

Gen. No. 39,504.

ion filed November 16, 1937.

BERNARD W. MAGES, OTTO W. ULRICH, BENJAMIN H. BLACK, DAVID FISHER, all of Chicago, for appellants. BENJAMIN H. BLACK, of counsel.

P. J. CAHILL, of Chicago, for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

On January 30, 1925, a default decree of divorce was entered in this cause on service by publication in favor of Robert J. Anderson and against Annie Anderson, the defendant named in the bill of complaint. Robert J. Anderson died in Chicago on November 19, 1935. On April 15, 1936, after leave granted, Annie Anderson filed a motion in this proceeding

supported by her verified petition to vacate the decree of divorce theretofore entered and expunge same from the records of the court on the ground that the service by publication was fatally defective and that the court therefore never had jurisdiction of her person. Mabel Rothus, who is the sole beneficiary under the will of Robert J. Anderson, and Martin J. O'Brien, administrator with the will annexed of the estate of said Robert J. Anderson, appeared specially and filed answers to Annie Anderson's petition. After a hearing on the petition to vacate and the answers thereto an order was entered by the court December 8, 1936, vacating and expunging from the records of said court the default decree of divorce theretofore granted to Robert J. Anderson on January 30, 1925, and dismissing the bill of complaint filed by him. By this appeal the aforesaid Mabel Rothus and Martin J. O'Brien, administrator, seek to reverse that order.

Since counsel for Annie Anderson (hereinafter referred to as the petitioner) narrowed the issues in the trial court by stating there that he was ''hinging'' his ''whole case'' on the ground that the affidavit of nonresidence filed by Robert J. Anderson was fatally defective and takes the same position here, the only allegations of the petition to vacate that are pertinent and material are that petitioner was not served with process and had not entered her appearance in the divorce proceeding; that the affidavit of nonresidence filed in the cause as a basis for publication was fatally defective; that she did not receive from the clerk of the court any notice of the pendency of the proceeding for divorce; and that as soon as she learned of the existence of the decree she employed counsel to take the necessary and proper steps to vacate same.

The record discloses that Robert J. Anderson filed his bill for divorce against petitioner, who was the defendant named therein, charging her with desertion;

that there was no service of summons on Annie Anderson and that she filed no appearance; that the notice published gave as petitioner's last known place of residence an address at which she had never resided; that she never received any notice of the pendency of the divorce action against her; and that the affidavit of nonresidence filed as a basis for the service by publication, omitting its formal heading and conclusion, is as follows: "Robert J. Anderson, being duly sworn, deposes and says that Annie Anderson, defendant, upon due and diligent inquiry her present place of residence cannot be ascertained; and affiant further states that the last known place of residence of such defendant is 160 W. 47th Street, New York, N. Y."

Appellants' theory and contentions as stated in their joint brief are as follows: "The respondents' theory of the case is that the said Annie Anderson never having filed her appearance, either by herself or through her attorney, was not properly in court to give said court jurisdiction to hear said Petition; that the mere filing of said Petition was not in the nature of an appearance; that the said Petition being filed eleven . . . years after the entry of the decree for divorce, and after the death of the plaintiff, did not give the Court in which said divorce was obtained and in the same proceeding, jurisdiction to review the case and to set aside the decree; that there is nothing of record to show that the said Annie Anderson, the defendant in the divorce decree, is the same Annie Anderson who filed the Petition to set aside said decree"; that "the affidavit of nonresidence filed in said divorce decree is valid and conferred jurisdiction upon the court over the parties; that the decree of court finding jurisdiction over the parties, as well as the subject matter, cannot be questioned eleven years thereafter"; that "the evidence of desertion as

brought out by the introduction of a letter in the handwriting of the defendant mailed to the plaintiff, entitled the plaintiff to a divorce, and that the Petitioner failed to prove the allegations in her petition.''

The first question presented for our determination is whether the affidavit of nonresidence filed in the divorce proceeding was fatally defective and insufficient to confer on the court jurisdiction of Annie Anderson. Sec. 12 of the Chancery Act (ch. 22, ¶ 12, Cahill's 1925 Ill. Rev. Stats.) in force when the affidavit of nonresidence and publication in this case was made, provided: ''Whenever any complainant or his attorney shall file in the office of the clerk of the court in which his suit is pending, an affidavit showing that any defendant *resides* or *hath gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him,* and stating the place of residence of such defendant if known, or that upon diligent inquiry his place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper printed in his county, and if there be no newspaper published in his county, then in the nearest newspaper published in this State, containing notice of the pendency of such suit, the names of the parties thereto, the title of the court, and the time and place of the return of summons in the case; and he shall also, within ten days of the first publication of such notice, send a copy thereof by mail, addressed to such defendant whose place of residence is stated in such affidavit. The certificate of the clerk that he has sent such notice in pursuance of this section, shall be evidence.'' (Italics ours.)

It will be noted that this statute required that the affidavit filed pursuant to the provisions thereof show, first, one of the reasons specified therein why the particular defendant was not available for the service of

process upon such defendant, and, second, matters relating to such defendant's residence. It will be further noted that the only requirement of the statute that the affidavit of nonresidence filed in this cause complied with was the statement contained therein "that upon diligent inquiry her place of residence cannot be ascertained." It is true that the affidavit went on to state "that the last known place of residence of such defendant is 160 W. 47th Street, New York, N. Y.," but the latter statement cannot be held to supply the deficiency in the affidavit caused by its failure to assert that the defendant either (1) "resides" out of this State, or (2) "hath gone out of this State," or (3) "on due inquiry cannot be found," or (4) "is concealed within this State, so that process cannot be served upon him." The law contemplates and requires that every defendant be given the best possible notice of the pendency of a suit and it is only where personal service cannot be had that substituted service is permitted. The affidavit required under the statute was no doubt intended to exclude every possibility of personal service. The statement in the affidavit that "upon due and diligent inquiry her place of residence cannot be ascertained" and "that the last known place of residence of such defendant is 160 W. 47th Street, New York, N. Y." does not exclude the possibility of personal service. It might well be that the defendant's place of residence could not be ascertained and that her last known place of residence was the address stated in New York and it still might have been possible to have served defendant personally with a summons. Even though Annie Anderson's "present place of residence" was unknown and "could not be ascertained," when the affidavit was filed "due inquiry" might have disclosed where she could be found. Every authority bearing upon the question under consideration that has been called to

our attention holds that a strict compliance with every requirement of the statute is necessary to invest the court with jurisdiction where the service is by publication.

Discussing this subject in *Spalding v. Fahrney,* 108 Ill. App. 602, the court said at p. 604: ''Jurisdiction must be founded upon the language used in the affidavit. . . . Before publication can be legally had, an affidavit must be filed, stating not only that the defendant on due inquiry can not be found, but also stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence can not be ascertained. *Reedy v. Camfield,* 159 Ill. 254; *Malaer v. Damron,* 31 Ill. App. 572.''

In passing upon this question in *Correll v. Greider,* 245 Ill. 378, the court said at p. 380: ''The rule is too well established to require the citation of authorities, that a party *claiming* the benefits of a decree upon constructive service must show a strict compliance with every requirement of the statute. Nothing less will invest the court with jurisdiction or give validity to the decree when the same is called into question in a direct proceeding. (*Boyland v. Boyland,* 18 Ill. 551.) The affidavit upon which service by publication is had under section 12 of the Chancery act is jurisdictional and the statute must be strictly complied with. (*Anderson v. Anderson,* 229 Ill. 538.)''

In *Illinois Valley Bank v. Newman,* 351 Ill. 380, it was held at p. 383: ''A party claiming the benefit of a decree upon constructive service must show a strict compliance with every requirement of the statute, and nothing else will invest the court with jurisdiction or give validity to a decree when the same is called in question in a direct proceeding. (*People v. Abraham,* 295 Ill. 582; *Boyland v. Boyland,* 18 id. 551.) The affidavit upon which service by publication is had under the provisions of the Chancery act is jurisdictional

and there must be a strict compliance with the statute. (*Anderson v. Anderson,* 229 Ill. 538.)''

The appellants' contention that petitioner waived the defect in the affidavit of nonresidence by the testimony presented by her in the depositions of herself and daughter that she resided in New York at the time Robert J. Anderson filed the affidavit of nonresidence is wholly without merit. We find nothing in such depositions or in the entire record that shows that Annie Anderson waived or relinquished her right to have the decree of divorce vacated because of the court's lack of jurisdiction to enter it.

As to appellants' contention that the only proper method of attacking the validity of the decree of divorce was by bill of review, it is sufficient to say that where a decree or judgment is void for want of jurisdiction of the person of the defendant, it is a nullity and may be expunged from the records of the court at any time. It is universally conceded that a judgment void for want of jurisdiction over the person of a defendant may be vacated on motion, irrespective of lapse of time. (Freeman on Judgments, 2d ed. sec. 98.) A court has power to vacate a judgment or decree at any time after expiration of the term at which it was rendered, where the court was without jurisdiction to enter such judgment or decree. (*City of Chicago v. Nodeck,* 202 Ill. 257; *Sherman & Ellis, Inc. v. Journal of Commerce,* 259 Ill. App. 453; *Feikert v. Wilson,* 38 Minn. 341.)

It is next claimed that the finding of the court in the order appealed from is against the manifest weight of the evidence. The evidence amply supports the allegations of the petition that Annie Anderson was not served with process and had not entered her appearance, that the affidavit of nonresidence filed as a basis for service by publication was fatally defective, that she had never received any notice of the pendency

of the suit from the clerk of the court, and that as soon as she learned of the existence of the decree she employed counsel to present her defense to the action and to take necessary steps to vacate the decree. The court's lack of jurisdiction appearing on the face of the record, the decree was also void on its face.

It is also urged that petitioner, Annie Anderson, failed to show that she is the same Annie Anderson who was the defendant named in the divorce proceeding and the decree. In the absence of evidence to the contrary, and there was none here, the general rule is that identity of name raises the presumption of identity of person. (*Sharp v. Sharp,* 333 Ill. 267; *Clifford v. Pioneer Fire-Proofing Co.,* 232 Ill. 150.)

Appellants' final contention is that the filing of the motion to vacate the decree by Annie Anderson supported by her petition did not give the court jurisdiction to pass upon same since neither she nor her attorney in her behalf had filed an appearance in this cause. She was before the court after having been granted leave to present her motion and petition and if the court erred in failing to require her to file a formal appearance and pay the established fee for so doing, that was a mere irregularity that did not affect its jurisdiction to pass upon her motion and petition to vacate the void decree.

We are impelled to hold that the affidavit of nonresidence filed in this cause as a foundation for the service by publication was fatally defective and conferred no jurisdiction on the court of the person of Annie Anderson.

For the reasons stated herein the order of the superior court vacating and expunging the decree of divorce granted to Robert J. Anderson is affirmed.

*Order affirmed.*

Friend, P. J., and Scanlan, J., concur.