ELVIRA L. DeMET, Plaintiff-Appellee, *v.* MICHAEL C. DeMET, Defendant-Appellant.

First District (3rd Division)   No. 76-1563

Opinion filed December 21, 1977.—Rehearing denied February 9, 1978.

James J. Reagan, of Northbrook, for appellant.

Robert A. Bush, of Bush and Bush, of Mt. Prospect, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff filed an action seeking a partition of certain real estate in Cook County and other relief. Shortly thereafter the plaintiff filed an affidavit for service by publication in accordance with the rules of the Civil Practice Act. After publication the trial court entered a judgment partitioning the property. The defendant filed a special and limited appearance together with motions to vacate the judgment of partition and to dismiss the action on the ground that the court lacked *in rem* jurisdiction. The trial court denied the motions. This appeal contests the jurisdiction of the court over the real estate.

Section 14 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 14) provides that in any action affecting property within the jurisdiction of the court the plaintiff or his attorney shall file an affidavit showing:

> "[T]hat the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within the State, so that process cannot be served upon him, and stating place of

residence of the defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained, * * *."

The affidavit filed states:

"1. Defendant Michael C. DeMet, on due inquiry, cannot be found so process cannot be served upon him, he is believed concealed within the State.

2. Defendant's place of residence last known residence—102 B Camp McDonald Road, Prospect Heights, Illinois."

The defendant asserts on appeal that paragraph 2 of the affidavit fails to state that the plaintiff made a "diligent inquiry" as to the defendant's place of residence. Further, the plaintiff has failed to allege facts upon which the court could determine that a diligent inquiry had actually been made by the plaintiff. Consequently, the defendant asserts, the court lacked jurisdiction to enter a judgment of partition and it is therefore void.

■■ Section 14 of the Civil Practice Act is former section 12 of the Chancery Act. (Ill. Ann. Stat., ch. 110, par. 14, Historical and Practice Notes (Smith-Hurd 1968).) In interpreting section 12 the court in *Anderson v. Anderson* (1937), 292 Ill. App. 421, 11 N.E.2d 216, noted that the statute requires that an affidavit filed pursuant to the provision show that, "* * * first, one of the reasons specified therein why the particular defendant was not available for service of process upon such defendant, and, second, matters relating to such defendant's residence." In the case at bar, there is no contention that the first part of the affidavit concerning why the particular defendant was not available for service is defective. In the words of the statute the affidavit alleges that "on due inquiry" the defendant cannot be found and also that he "is believed concealed within the State." The defendant's contention here is that the second portion of the affidavit relating to the defendant's residence is defective.

In *Hartung v. Hartung* (1880), 8 Ill. App. 156, the court considered an affidavit on this point. The affidavit recited that "* * * John C. Hartung, defendant * * *, is not now a resident of this State; that he left his home and the State of Illinois in the month of June, A.D. 1878, and has never returned to the same from that time to the present; that affiant has no knowledge of the whereabouts of said John C. Hartung, except what one Anton Binkert informed her. Said Binkert informed affiant that said defendant had gone to the Hot Springs, in the State of Arkansas, as said John Hartung has informed him; * * *." The court found the affidavit fatally defective stating:

"To comply with the requirements of the statute, the affidavit should aver in the language of the statute, 'that upon diligent inquiry the place of residence of the defendant could not be ascertained;' or it should give the facts connected with the inquiry, so that the court could readily determine that diligent inquiry had

been made by the affiant, and that upon such inquiry the residence of the defendant could not be ascertained." (*Hartung*, at 159) The court found that the single fact stated by Binkert was not sufficient because it did not state the time that Binkert conveyed the information to the affiant.

The *Hartung* case was followed in *Malaer v. Damron* (1889), 31 Ill. App. 572. There, the affidavit alleged "the place of residence of Alexander Hudgins is unknown." The court found that the affidavit was insufficient because it merely stated that his place of residence is unknown and omits "the further necessary averment, 'that upon diligent inquiry his place of residence cannot be ascertained'."

In *Spalding v. Fahrney* (1903), 108 Ill. App. 602, the affidavit stated that "due diligence has been made to ascertain the residence of said Helena F. Spalding." The court found this affidavit insufficient because it did not state that "diligent inquiry" was made. The court said that the affidavit states that due diligence has been made to ascertain the residence of the defendant, but whether that was by inquiry or whether something else other than an inquiry was deemed by the affiant to be due diligence could not be known from the affidavit.

■■ Section 4 of the Civil Practice Act enacted in 1933 provides that the Act shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. An affidavit that would have stated in the words of the statute that "upon diligent inquiry his place of residence cannot be ascertained" would be a valid affidavit. (*Hartung*, at 159; *Malaer*, at 574; *Spalding*, at 604.) The affidavit here states the defendant's last known residence and also states, in paragraph 1, that upon "due inquiry" Michael C. DeMet cannot be found so that service of process can be had upon him and that he is believed to be concealed within the State. Bearing in mind the liberal construction mandated by the Civil Practice Act, in our opinion those statements read together satisfy the requirement of the statute requiring an affidavit alleging "diligent inquiry" as to his place of residence.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.